Phipps *vs.* Tompkins *et al.*

| 50 | 641 |
|----|-----|
| 109 | 197 |

LITTLETON PHIPPS, plaintiff in error, *vs.* EUBANKS TOMP-KINS *et al.*, defendants in error.

1. An exception to an award relating to the testimony will not be con sidered in this Court, where the evidence is not in the record, and does not appear to have been exhibited to the Court below.
2. Where pending litigation, by consent, was, by an order of Court, re-ferred to the decision of three arbitrators, two of them being named, they to select a third, and the questions at issue were heard before the two arbitrators named, who made an award, it is incumbent on the party excepting to the award, on the ground that the matters in dis-pute were not heard before three arbitrators, to negative all presump-tions in favor of the award, by alleging either that he was not present when the award was made, and was not heard before the two arbitra-tors, or that he objected at the time to proceeding before them.

Award. Exceptions. Waiver. Before Judge STROZER. Baker Superior Court. May Term, 1873.

For the facts of this case, see the decision.

B. B. Bower; Gurley & Russell, for plaintiff in error.

Smith & Jones; G. J. Wright, for defendants.

Warner, Chief Justice.

It appears from the record in this case that there were suits pending in the Superior Courts of Baker and Dougherty counties between Eubanks Tompkins, Cook & Son and Phipps, and Phipps and Tompkins, and for the purpose of satisfactorily adjusting the differences in dispute between them, the parties agreed to submit the same to Richard F. Lyon and John A. Davis, as arbitrators, who should select a third person as arbitrator to act with them, said arbitrators to meet at Albany, on the 8th day of June, 1870, for the purpose of passing upon said points in dispute, and that said trial should be conclusive, as provided by Irwin's Code for trials by arbitration, and that the award of said arbitrators be made the judgment of the Court of Baker county. At the May term of Baker Superior Court, 1870, an order was passed ordering that the matters in dispute, under said agreement of the parties, be referred to the arbitrators named, under the arbitration laws of this State, and that they make an early report to this Court. Under this order of reference, Lyon and Davis, two of the arbitrators named, made an award and returned the same, which was entered on the minutes of Baker Superior Court. Phipps, by his counsel, objected to said award being made the judgment of the Court, and moved to set it aside, on the ground that the award was made by an arbitration composed of two members instead of three, and because the arbitrators did not pursue and comply with the terms of the submission, in this, that it was agreed that three should compose the arbitration; whereas, only two presided.

1. There was also another objection filed, by way of amendment, relating to the evidence before the arbitrators, but as the evidence is not in the record and does not appear to have

been exhibited to the Court below, it will not be considered here.

2. On hearing the objections to making the award of the arbitrators the judgment of the Court, the same were overruled, and the counsel for Phipps excepted. Were the objections filed to making the award of the arbitrators the judgment of the Court, sufficient in law, under the facts of this case? The questions in dispute between the parties were referred by the Court, in accordance with their agreement, and it is quite certain that the arbitration was had before the two arbitrators who made the award. The objecting party does not allege that this was done without his knowledge or consent, or that he was not present and heard before the two arbitrators who made the award, and if he did consent that the two arbitrators should make the award, or was present and heard before them without objecting that the third man was not there, it was too late to object to the award for that reason after the award was made. It was, therefore, incumbent on him, when he filed his objections to the award, to have negatived all presumptions in favor of the award by alleging either that he was not present when the award was made, and was not heard before the two arbitrators, or that he objected at the time to the two arbitrators hearing the case; for it is a fair presumption, we think, that the two arbitrators would not have proceeded to have heard the case under the order of the Court unless the presence of the other arbitrator had been waived by the parties, either expressly or by tacitly submitting the case to the decision of the two. There can be no question that the award of the two arbitrators, made by the consent of the parties, would be a valid award, although the order of reference contemplated three; or, if the parties submitted their case to the two arbitrators, and were heard before them without objection by either of the parties at the time of the hearing that the third arbitrator was not present. The right of the parties to have had their case submitted to three arbitrators under the order of reference is one thing; the waiver of that right, and consenting that two only should

hear and decide the questions submitted, is another and different thing, and when an award has been made by two, the party seeking to set it aside for that reason should clearly negative, in his alleged objections to it, that he did not waive any of his rights by consenting to, or participating in, the hearing of the questions submitted before the two arbitrators who made the award. If the party objecting did, in fact, go before the two arbitrators and submit his case to their decision without objection, and was fully heard before them, or consented that the two should hear and decide it, then he should not be heard to object to the award because it was made by two arbitrators only. This was not an arbitration had under the special provisions of the Code providing for a statutory arbitration, but was an arbitration had under an order of the Court referring pending litigation therein to arbitration, and when a party seeks to get rid of the award, he will be required to allege such objections to it as will be sufficient in law to have the award set aside, which was not done in this case.

Let the judgment of the Court below be affirmed.