BRAND *et al. vs.* SORRELLS.

[WARNER, Chief Justice, was providentially prevented from presiding in this case.]

An award of arbitrators and umpire duly appointed by the parties ac-
cording to the Code, is binding upon those submitting their rights

to such arbitrament, unless attacked for fraud in the party or the arbitrators, palpable mistake of law, or reference of the matter by the arbitrators to chance or lot, none of which is pretended in this case.

Arbitrament and award. Before Judge RICE. Walton Superior Court. February Term, 1878.

Brand *et al.* brought complaint for land against Sorrells. The latter, among other things, pleaded arbitrament and award, under a rule of the United States district court. Plaintiffs moved to strike this plea, claiming want of jurisdiction in the circuit court; the motion was overruled, and the court charged the jury in effect, that if the land in dispute had been the subject of an arbitration and award between the parties, they would be bound by it. The jury found for defendant. Plaintiffs moved for a new trial, which was refused, and they excepted.

JOHN A. WIMPY, for plaintiffs in error, cited 57 *Ga.*, 601 ; Bump. on Bank., (10 Ed.) 332 and authorities cited ; 8 B. R. 97 ; 16 Wall., 551 ; 11 B. R.,125 ; 12 B. R., 567.

McHENRY & McHENRY ; W. J. RAY, for defendant, cited 8 *Ga.*, 8 ; Code, §§2897, 3577, 3826 and cases cited ; 11 *Ga.*, 265 ; 21 *Ib.*, 143 ; 55 *Ib.*, 228 ; 31 *Ib.*, 668 ; 57 *Ib.*, 601. As to requests refused in charge, 38 *Ga.*, 304 ; 24 *Ib.*, 445 ; 41 *Ib.*, 289 ; 53 *Ib.*, 570, 678 ; 54 *Ib.*, 45 ; 56 *Ib.*, 457 ; 57 *Ib.*, 283, 539 ; 58 *Ib.*, 420, 606.

JACKSON, Justice.

The plea of the defendant in this case, which we think controls it, is an arbitration and award made by arbitrators and an umpire, duly appointed by the parties. By that award the land sued for was set apart to the defendant, and the title vested in him.

The award is not impeached on any ground of fraud or illegal conduct of the arbitrators, but solely on the ground

that the United States district court, which made the award its judgment had no jurisdiction of the case. We think it had jurisdiction thereof ; but even if it had none, the award would be good under our Code, §2883, which declares that " parties disagreeing as to their rights or liabilities may submit the matter to third persons to decide, and the award made by such arbitrators is binding on the persons submitting." These parties disagreed as to their rights, and submitted the matter to arbitrators, who decided between them.

It bound them to abide the decision of the arbitrators without regard to any rule of any court submitting the matter or authorizing it, or the subsequent judgment of any court thereon, unless the award be attacked for fraud in the arbitrators or in the party, or there is a palpable mistake of law, or reference of the matter to chance or lot, none of which is pretended in this case. See Code, §§2890, 2892, 2893; 4225, 4226, 4227 *et seq.* All was done in this case that these provisions require, and the judgment is affirmed.

Judgment affirmed.