JONES, trustee, *vs.* BOND *et al.*

[This case was argued at the last term, and the decision reserved.]

1. There are two modes provided by the Code for the submission of matters in dispute to arbitration: one under the act of 1856, codified in §4225 *et seq.*, and the other codified from the common law, in §2883 *et seq.* Under the former there must be three arbitrators; under the latter any number of arbitrators will do, and there need be no order to make the award the judgment of the court, but it is binding without, unless attacked for fraud in the arbitrators or party, or a palpable mistake of law, or reference to chance or lot. In either case, a guardian may make the submission and the award will be binding on the wards.

2. It is not incumbent on the court to send the case back to the auditor when that officer has erred on points of law; especially where no error hurt the movant therefor.

3. No opinion is expressed on the facts, except in so far as the verdict conflicts with this opinion. Thus far, under the facts as they appear, it is contrary to law.

4. Where the auditor reports the facts, the jury may differ with him thereon. The controlling rule of law on the subject of what is necessary to overcome the *prima facie* correctness of the finding having been misapprehended, it is best that the case be tried over, although it was contended that the charge was favorable to the movant; especially where a general verdict was found, on exceptions to an auditor's report, though by consent.

(*a.*) The relation between husband and wife is close, and the acts of the two should be scanned closely where one holds himself out as the agent of the wife. This case should be tried over as to all of the plaintiffs.

March 9, 1886.

Arbitration and Award. Burden of Proof. Practice in Superior Court. Husband and Wife. Before Judge LUMPKIN. Elbert Superior Court. March Term, 1885.

M. L. Bond, Cora C. Almond, Robert S. Almond and Georgia M. Almond brought suit against John H. Jones, trustee, on August 15, 1883. They alleged that Simeon Hall made a will containing the following items:

"6TH. I give to John H. Jones, of Elberton, in trust for the sole and separate use of my daughter, Mary M. Rucker, during her natural life, the sum of one thousand dollars, the interest to be appropriated annually to her support and benefit, and at her death said sum and any unappropriated interest to belong to her children, should she have any, but should she die without lineal descendants living at the time of her death, then said sum of money to go to and vest in the children of my daughter, Louisa."

"8TH. The remaining half or one equal part I give to the said John H. Jones, in trust for the sole and separate use of my daugher, Mary Rucker, during her natural life, and at her death to go to her children, should she have any, but should she die without lineal descendants living at the time of her death, then said estate to go to and vest in the children of my daughter, Louisa, and if any of the children of either of my daughters (should Mary have any) should be dead at the death of their respective mothers, leaving issue living at the death of said mother, then the said issue to take the part their deceased parents would have taken under the several items of this will."

The testator died and his will was probated in 1859, and the defendant became the trustee under the two items quoted. In 1372, the widow of the testator died, and in 1874, his daughter, Mrs. Rucker (who had become Mrs. Revel by marriage), died, leaving no children or descendants of children. The plaintiffs are the children of Mrs. Louisa S. Almond, the other daughter of testator, and claim from the defendant, both as *cestuis que trust* under the will and also as heirs at law of Simeon Hall, alleging that the defendant was his administrator *de bonis non* with the will annexed, that he had received large sums of money, had failed to pay them over, and had done various acts amounting to a *devastavit*.

The defendant pleaded the general issue; payment;

that the entire matter had been submitted to Hon. W. M. Reese, as arbitrator, that an award had been rendered in 1875, finding $350 for the plaintiffs; that the award had been made the judgment of the court and had been paid off and discharged in full; that the plaintiffs were barred by the statute of limitations of 1869; that the entire matter of the legacy of $1,000 had been settled by Hon. W. M. Reese, chosen by all parties, which settlement was expressly authorized or ratified.

By amendment, the plaintiffs attacked the award on the ground that the submission was made by Jones, executor of Hall, and was signed by M. L. Bond, by her husband, C. L. Bond, who acted without authority in so doing, and by Cora and Robert S. Almond, by J. B. Almond, guardian, who could not legally bind them by such a submission (Georgia M. does not appear to have signed it); and also on the ground that the award was made in September, 1875, and was not made the judgment of the court until 1881, when, without the knowledge or consent of the plaintiffs, it was entered *nunc pro tunc*.

The case was referred to an auditor, who found for the plaintiffs, after making deductions for payments, certain sums aggregating $121.57, principal, and $57.98, interest. To this report various exceptions of law and fact were filed, among them being that the auditor held that it was the duty of the plaintiffs to show that the finding of the arbitrator was incorrect, although it was not a statutory award, and that it was binding; because the auditor held that, neither party having reviewed the evidence before the arbitrator, he would hold the award correct; because he held that the plaintiffs were barred by the award, on the ground that they had agreed to the settlement with a full knowledge of the consequences, and had acquiesced in and ratified the same, and that they were barred by the receipts given in accordance with the award.

The court ruled that the award was not binding on any one of the plaintiffs, unless he or she signed the submis-

sion, or it was signed for him or her by some one duly authorized so to do, or unless, after it was signed, he or she, being *sui juris*, ratified it, intending so to do, and with full knowledge of its contents and effect, or unless he or she, being *sui juris*, ratified the award and took the sum thereby awarded, with a full knowledge of its effect and intending to be bound thereby. He held that the guardian of Cora C. and Robert S. had no legal authority to make a submission of the kind made. Also that the conclusions of the auditor on questions of fact, under the evidence before him, were correct unless successfully controverted by other evidence.

The questions of fact involved in the exceptions were submitted to the jury. There were other exceptions and rulings, but neither these nor the evidence introduced need be set out in detail.

The jury found the following verdict:

" We, the jury, find for the plaintiffs one thousand dollars, less three hundred and fifty dollars, with interest from the time of Mrs. Revel's death to the beginning of this suit. This verdict is only to include the liability of defendant under the trust included under the 6th item of Simeon Hall's will, as we understood the question made under the 8th item of the will was one merely of calculation for the court."

The defendant moved for a new trial on the following grounds:

(1.) Because the court erred in holding and deciding, upon the exceptions filed in said case to the auditor's report, that the guardian of Cora Almond and Robert S. Almond had no legal authority to make a submission of the kind referred to in said report and exceptions.

(2.) Because the court erred in refusing, on motion of defendant's counsel, after sustaining certain of plaintiffs' legal exceptions, to send said cause back to the auditor, with instructions to hear the case over again and correct his report accordingly.

(3), (5.) Because said verdict is contrary to law, evidence, the principles of justice and equity and the charge of the court.

(6.) Because the court erred in charging the jury as follows : " If the auditor reached the conclusion that the settlement or award was a protection to Jones, and was binding on plaintiffs or any of them as an award, without reference to whether it was assented to, accepted or ratified, this would have been an error of law, and if the auditor's finding on this subject was the result of this conclusion, then the question of assenting to, accepting or ratify-. ing the award or settlement is an open one for you to determine under the rules which I have laid down on this subject, and under all the testimony before you."

The court granted a new trial as to Georgia M. Almond, and refused it as to the other three plaintiffs. The defendant excepted.

W. M. & M. P. REESE; JOHN P. SHANNON, for plaintiff in error.

W. D. TUTT; Jos. N. WORLEY, for defendants.

JACKSON, Chief Justice.

An action was brought by Mrs. Bond, Cora, Robert and Georgia Almond against Jones, as trustee and administrator *de bonis non,* on the estate of one Hall. The matters in dispute were referred to an auditor, and on exceptions to his report, which sustained an arbitration and award between the parties made by Judge Wm. M. Reese, the case was tried. In consequence of the fact that the administration of Jones on the estate is all mixed with his trust under the 6th item of Hall's will, and the testimony and report of the auditor embraced all his acts respecting that estate, while finally only the trust in the 6th item was passed upon by the jury, though exceptions seem to embrace all the auditor did in regard to everything, and testimony about all was had, the record is necessarily much confused, and voluminous beyond all reason. It is quite a task to sift the wheat from so much chaff and reach the kernel of the case.

Jones, trustee, *vs.* Bond *et al.*

The motion for a new trial, however, will develop the points of law with sufficient clearness to enable this court to adjudicate the issues that motion makes.

1. The auditor ruled to the effect that the arbitration and award of one arbitrator would bind the wards of a guardian, whether ratified by them when *sui juris* or not; and this judgment having been overruled by the superior court, and the judge having charged to the contrary, is made one ground of the motion for a new trial. The point goes to the vitals of the case so far as two of the plaintiffs below are concerned, and therefore, if the court was in error, a new trial must be granted as to them.

There are two modes provided by the Code of Georgia for submission of matters of dispute to arbitration: one under the act of 1856, codified in sections 4225 *et seq.*, and the other codified in sections 2883 *et seq.* Under the act of 1856, there must be three arbitrators. Code, §4227. Under the old mode, codified from the common law, it is believed any number will do. Code, §4248. In either case, a guardian may make the submission. Code, §4225, authorizes it done by the guardian under the act of 1856. Code, §2884, authorizes it in the other or common law mode without regard to the act of 1856, and outside of its provisions or the codification of them. The question whether there be the two modes is not open in this court. 31 *Ga.*, p. 3, 5th head; 61 *Id.*, 162–4. Under the common law mode, there need be no order to make the award the judgment of the court; but it is binding without, unless attacked for fraud in arbitrators or party, or a palpable mistake of law, or reference to chance or lot. 61 *Ga.*, 162–4.

So that the court below erred in the ruling on this point.

2. It is not incumbent on the court to send the case back to the auditor when that officer has erred on points of law, especially where no error hurt the movant therefor; and in this case, it is clear that the court did not err in overruling that motion of plaintiff in error.

Jones, trustee, *vs.* Bond *et al.*

3. As the case will be tried again, we express no opinion, on the ground that the verdict is contrary to the evidence. In so far as it militates with the views expressed in this opinion on the first ground of the motion, it is contrary to law, so far as the record before us develops the case. What new phase new facts may put on it, we cannot foresee.

4. We are clear that the rule of law under which the general verdict was found is wrong. Under the ruling in the 71st *Ga.*, 649, the jury may differ from the decision of the auditor on facts, where they are reported by him, just as the court may overrule him on legal questions. If the point were open, the spirit of our Code would settle it. Section 3097 declares that, "in equity causes the court may refer any part of the facts to a master or auditor, and his report thereon shall be *prima facie* the truth, after allowance by the court, either party having the liberty to except. *But the final decision upon the facts shall be by a special jury.*" By analogy, of course the same rule applies to cases at law, just as the rule of the conclusion of the auditor at law being *prima facie* the truth, has always been held to apply.

It is true that the learned judge saw the error when his eye fell on the 71st *Ga* , and overruled this ground or position, because it was favorable to the movant for a new trial, if error; but his case might possibly have been strengthened by the introduction of more evidence or further explanation on the stand by himself. At all events, when a case is tried on a misapprehension of the controlling rule of law which governs what evidence is necessary to overcome a *prima facie* bar of the rights of parties, it is well to try it over, especially when the verdict is permitted to be general, by consent it is true, when the law is explicit that each exception to an auditor's report must be passed upon *seriatim.*

The relation between husband and wife is close, and the acts of the two should be scanned closely, where one holds himself out as the agent of the wife, and we think that

the case had better be tried over again as to all three plaintiffs, in addition to the fourth, as to whom the court below granted a new trial.

Judgment reversed.