## FOSTER *vs.* COLLIER *et al.*

The evidence introduced before arbitrators is required to be filed with the exceptions to the award. Where an award was made in February and exceptions thereto were filed in July thereafter, there was an abundance of time in which to have prepared and filed a a brief of the evidence, and there was no error in dismissing the sworn exceptions to the award for a failure in so doing, or in refusing to postpone the hearing to allow time for the preparation and filing of the brief.

(a.) Where an award has been returned by arbitrators under the statute, all suggestions as to its invalidity should be under oath, and exceptions not under oath will be dismissed.

March 23, 1886.

Arbitration and Award. Practice in Superior Court. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Reported in the decision.

MARTIN & HOBBS, for plaintiff in error.

E. N. BROYLES, for defendants.

BLANDFORD, Justice.

The arbitration in this case was held under the arbitration act of 1855–6, as embraced in sections 4225, 4226, and following sections of the Code. The plaintiff in error sought to set aside the award, and he filed certain suggestions under oath; also suggested that the arbitrators

had not been sworn, but this suggestion was not under oath. There was not filed any brief of the evidence given in before the arbitrators. The plaintiff in error moved to postpone the issue presented by himself in order to prepare and file a brief of the evidence. This motion the court refused, and upon motion of counsel for de endants in error, the court dismissed the exceptions of the plaintiff in error, and the award was made the judgment of the court. These several rulings are excepted to, and upon the same the case is brought to this court. The court did right, under the facts in the case, to refuse the motion to postpone or continue the case. The award was made in February and the exceptions filed in July thereafter. There was an abundance of time in which the plaintiff in error could have prepared a brief of the evidence and caused the same to have been duly filed.

The evidence is required to be filed with the exceptions. 50 *Ga.*, 641 ; 44 *Id.*, 585; 47 *Id.*, 10 ; 48 *Id.*, 421.

There was no error in dismissing the exception, which was sworn to, because there was no evidence upon which the court could act.

Section 4243 of the Code requires all suggestions as to the invalidity of an award to be under oath; hence the exception that the arbitrators were not sworn, not being under oath, the court did right to dismiss the same. It may be questioned if such an exception can be taken after an award is made.

Judgment affirmed.