## STEPHENS *v.* JOHNSON & BROTHER.

Error in admitting parol evidence of the contents of writings, without re-
quiring the proper foundation to be laid for the introduction of such
secondary evidence, is not cause for granting a new trial at the instance
of the plaintiff, who had voluntarily and without objection himself testi-
fied to the contents of these identical writings, and in so doing had shown
conclusively that he was not entitled to a recovery.

Argued February 23, — Decided April 13, 1898.

Complaint on account — appeal. Before Judge Henry.
Walker superior court. February term, 1897.

*W. H. Payne* and *Copeland & Jackson*, for plaintiff.

LITTLE, J. Stephens instituted an action in a justice's court
against Johnson & Brother, upon an alleged account amount-
ing to $93.30. On an appeal of the cause to the superior court
of Walker county, the defendants pleaded not indebted; and
also alleged, by way of a plea in bar of the action, that a suit
upon this claim had formerly been instituted in a justice's
court, and that such suit was afterwards withdrawn from the
court for arbitration; that both parties agreed to the arbitra-
tion, and not only agreed to it, but swore to abide by the award
of the arbitrators. They further alleged that all matters em-
braced in the subject-matter of the present suit were submitted
to the arbitrators and settled by their award, and that such
award was never disturbed, but the plaintiff nevertheless ig-
nored the award and brought this suit. The result of the trial
in the superior court was, that a verdict and judgment were
rendered in favor of the defendants. The plaintiff made a mo-
tion for a new trial, on the general grounds that the verdict
was contrary to the law and evidence; and on the further
ground that the court erred in admitting the evidence of cer-
tain witnesses, which went to show that there had been a suit
between the parties in a justice's court about the same subject-
matter, and that the same was by written agreement submitted
to certain persons named therein as arbitrators, who made an
award in the matter, which was turned over to the justice of
the peace in whose court the case was pending. Movant con-
tended that there was no sufficient proof of the loss or destruc-

tion of the original papers, which, under the rules of law, would allow secondary evidence of their contents to be admitted. This motion for a new trial was overruled, and the plaintiff excepted.

It does appear from the record that certain witnesses for the defendants were allowed to testify as to the subject-matter of the former suit; to the withdrawal of that suit; to the written submission to arbitration, and the contents of such submission and award of the arbitrators. We think, however, in view of the facts of the case, that while the evidence as offered was inadmissible as a primary proposition, yet its admission in this case is not cause for granting a new trial. It appears that the plaintiff himself, who was the first witness sworn, voluntarily testified, among other things, as follows: "It is true that this same matter involved in this suit was submitted to arbitration; the submission was in writing, and each of us swore in writing to abide the award; but all my evidence was not before the arbitrators. I selected two arbitrators and defendants two; and these, an umpire. The arbitrators, after hearing all the evidence offered, made an award in favor of J. F. Johnson & Brother [the defendants]. It was in writing. I told Kilgore, J. P., to issue a summons against defendants for this debt before the arbitration. The paper that I did not prove before the arbitrators was the contract I had made with Reynolds & Co., relative to the lumber and payments therefor. The present suit was brought in the J. P. court, after the award of the arbitrators had been made." It was the plaintiff himself then who, without any compulsion or ruling requiring him so to do, went into the fact of the abitrament and award, and showed that the same was regular and in writing, and the contents and subject-matter of the submission and award. While he was not compelled to do so, he could, if he chose, prove these facts, and, having so chosen, the facts proved by him were established as a part of his case, and reference thereto by succeeding witnesses was admissible because the plaintiff had himself established such facts.

The question then only remains, what is the legal effect of the submission and award as testified to by the plaintiff? By

section 4474 of the Civil Code it is provided that: "Parties disagreeing as to their rights or liabilities may submit the matter to third persons to decide, and the award made by such arbitrators is binding on the persons submitting." This provision is codified from the common law, and differs from the additional mode provided for arbitration and award by statute, as codified in section 4485 et seq. of the Civil Code, in this, that in the former, any number of arbitrators may be selected, and the award need not be made the judgment of any court, but is binding on the parties until excepted to and set aside; whereas in the latter, only three arbitrators can be selected, and the award must be entered on the minutes of the superior court, and a copy furnished to the parties. *Sheffield* v. *Clark*, 73 *Ga.* 92; *Jones* v. *Bond*, 76 *Ga.* 517. The arbitration referred to in the present case having been had under the common-law method, and the plaintiff having taken no steps to have the same set aside, the award was binding upon him, and he was not entitled to recover in the action now under review.

*Judgment affirmed. All concurring, except Cobb, J., absent.*