## SMITH *v.* FERRARIO.

Where depositions are sought under the provisions of section 5315 et seq. of the Civil Code, the judge of the court in which the case is pending has no jurisdiction to entertain a petition for attachment against the witness for not appearing or for refusing to testify before the commissioner appointed under the provisions of the law to take such testimony. The power to compel the witness to attend and to testify in such cases is vested by the statute in the commissioner.

Argued May 20, — Decided July 22, 1898.

Contempt. Before Judge Reid. City court of Atlanta. January term, 1898.

*Cuyler Smith* and *Glenn & Rountree,* for plaintiff in error.
*Glenn, Slaton & Phillips,* contra.

SIMMONS, C. J. Section 5315 of the Civil Code provides, that "In all counties of this State of twenty thousand inhabitants and upwards, either party litigant in any court of record in any such county may, without any order or commission, take the depositions of any witness or witnesses in said case, whether resident in the county or not, upon giving the opposite party five days notice of the time and place with the names of the witnesses." The code also provides that such depositions may be taken before any of the commissioners appointed by the judge of the superior court. After providing that all motions and all objections to the witnesses or the proceedings should be made to the commissioner, filed and returned, and prescribing how the examination should proceed and how the depositions should be returned, the code (§ 5321) declares: "The commissioner shall have the same power and authority to sum-

mon witnesses, and compel their attendance to testify before him, as are now conferred upon justices of the peace in this State to compel witnesses to appear and testify in justices' courts." From the record it appears that Ferrario applied, under these sections, to the commissioner appointed by the judge of the superior court to take the testimony of Smith in a case then pending in the city court of Atlanta. Smith appeared in obedience to the subpœna issued to him by the commissioner, but, for various reasons not now necessary to mention, refused to testify. Counsel for Ferrario filed a petition to the judge of the city court of Atlanta, stating that there was a case pending in his court, that they desired the testimony of Smith (the defendant) in the case, and that Smith refused to testify. These facts were also certified to the judge by the commissioner. A rule nisi was issued by the judge, calling on Smith to show cause why he should not be attached for contempt of court. Smith appeared in answer to the rule, and showed cause by filing a demurrer and an answer, on various grounds not necessary here to set out. After argument by counsel, the judge held that Smith was in contempt of court, and assessed against him a fine of $100 which he might discharge by appearing before the commissioner within a certain time and testifying in the case. To this judgment Smith excepted, and brings the case here for review.

The learned counsel for the plaintiff in error based the refusal of his client to testify mainly upon the ground that, under the above-cited sections of the code, the commissioner had no power to take the testimony of a party to a case pending; that these sections of the code did not contemplate that a plaintiff or defendant should be compelled to testify; that parties to a cause are not, in the strict sense of the term, witnesses. When the case came on for consideration by this court, we discovered that the code gives no jurisdiction to the judges of the city or superior courts to attach a witness for contempt for refusing to testify under this particular proceeding, but that the power and authority to do so is, in express terms, given to the commissioners, as will be seen by reference to section 5321, above quoted. That section gives the commissioner the same power to compel

witnesses to appear and testify as is now conferred upon justices of the peace in their courts.    A justice of the peace, under Civil Code § 4164, has power to fine a witness who has been duly served with subpœna and who fails to appear in obedience thereto, not more than ten dollars.    If a witness refuse to testify, the justice, under Civil Code § 4082, can fine him not more than five dollars and imprison him not more than five hours, as for a contempt of court.    This is the only power given to the commissioner, and it is given to him exclusively.    If the code did not prescribe that the commissioner should have the power to compel a witness to appear and testify, perhaps the judge of the court where the case was pending might assume it under a general power that courts possess of compelling witnesses to appear and testify, on the ground that the testimony was to be used in the trial of a case pending in his court; but even this view of the matter is, in our opinion, exceedingly doubtful, inasmuch as the subpœna to the witness is issued, not from the court, but by the commissioner, and the contempt in the refusal to appear or testify is not to the court but to the commissioner appointed, under the law, by the judge of the superior court.    Nor does section 5305 authorize the judge of the court where the case is pending to attach a witness for contempt in a proceeding like the one in the present case.    That section relates to taking testimony by interrogatories sued out and commission issued by authority of the court, which is quite a different proceeding from that resorted to in this case.    We are, therefore, of the opinion that the judge of the city court of Atlanta had no jurisdiction to issue the attachment for contempt.    It appears from the supplemental record brought up by the defendant in error, that this case was referred to the judge of the city court by consent of both parties, in order, as it was stated, to have the question determined.    The case was argued here without any motion to dismiss for want of jurisdiction.    Consent of parties, however, can not give a court jurisdiction of a subject-matter when it has none by law; and when this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter and the case is brought here for review upon writ of er-

ror, this court will of its own motion reverse the judgment. If the judge has refused to entertain the motion and that ruling has been excepted to and brought here for review, this court will, on motion or ex mero motu, dismiss the writ of error. *Pope v. Jones,* 79 *Ga.* 487.

Judgment reversed.   All the Justices concurring.