## O'BRIEN *v.* HARRIS.

Equity has no jurisdiction, upon the petition of individuals, to inter-
fere in matters merely criminal, or to enjoin any one from the com-
mission of a crime, when it does not appear that the acts complained
of affected any property rights of the petitioners.

Argued October 17, — Decided November 17, 1898.

Petition for injunction. Before Judge Reese. Warren county. July 11, 1898.

The plaintiff in error was engaged in the business of selling spirituous liquors in the town of Barnett in Warren county under a license from the town council, when, upon the petition of certain citizens of the county, who were trustees of the Methodist church in the town, an injunction was granted restraining him from selling spirituous liquors in the town. To the granting of the injunction he excepted.

The petition was filed May 26, 1898. The petitioners contended that the license granted by the town council was invalid and the sale of liquors in the town unlawful, under an act of the legislature approved December 12, 1882, entitled "An act to prohibit the sale and furnishing of spirituous, malt or other intoxicating liquors in the county of Warren, and to provide a punishment for the violation of the same" (Acts 1882-3, p. 559); also under an act approved October 20, 1885, entitled "An act to prevent the sale of intoxicating, spirituous or malt liquors, wines, beers or cider within three miles of the Methodist church at Barnett, Warren county, Georgia" (Acts 1884-5, p. 547). They alleged also that there was no authority to issue the license, because the charter granted by the superior court to the town had lapsed, there being no corporate existence or organization in the town since the charter was granted, November 28, 1885, until the recent election of commissioners for the sole purpose of granting said license, and the inhabitants of the town having in the meantime been reduced to less than twenty-five, and being now less than that number; which number is necessary to incorporate a town or to continue its corporate existence so as to authorize it to hold elections, etc.; also that before whisky could be lawfully sold at Barnett, it would be necessary for the person proposing to sell to present to the ordinary of the county, to be filed in his office, a written consent to the same, signed by a majority of the citizens, freeholders, living within two miles of the place at which the applicant proposed to sell; and this requirement was not complied with; further, the charter of the town requires five councilmen, one mayor and one recorder, and these together constitute a common council; and the council, at

the time said license was issued, consisted, and now consists of only five councilmen, one of whom was selected by his associates, in office as mayor, and another as recorder. No mayor or recorder was elected except as here stated. For these reasons the council is illegal and the license void. Further: The act conferring upon the superior court the authority to incorporate towns and villages (Political Code, § 683 et seq.), and under which Barnett was incorporated, is unconstitutional and void, because all power to legislate is vested by the constitution in the General Assembly of the State.

The plaintiff in error, in his answer to the petition, took issue with the contentions of the petitioners, and contended that the act of 1885, referred to in the petition, was void because contrary to that clause in the constitution which forbids the enactment of a special law in any case for which provision has been made by an existing general law, the same being provided for by the general local option liquor law; that the act of 1882 referred to in the petition expressly excluded from its provisions the 159th district G. M., in which the defendant's business was conducted; and that no election as required by the act having been held in that district on the subject of the sale of liquor therein, the act is inoperative as to it; also, that the charter of the town can not be attacked except by a lawful proceeding to forfeit the same, brought against the persons acting under the charter as the commissioners of the town.

At the hearing the following appeared from the evidence: The town of Barnett was incorporated under an order of the superior court on November 28, 1885. The town council by which the license in question was granted was elected in April, 1898, and was the first council the town had under its charter for at least ten years. Five councilmen were elected, one of whom, Garrett, was elected mayor. Garrett was not a resident of the town until December 23, 1897. No recorder was voted for. At the time of the election of this council, and at the time of the hearing of the case, there were only sixteen citizens residing in the town, and these were the only persons residing within 1,100 yards of the depot. The Methodist church is within the corporate limits of the town, and the storehouse in which the sale of

the liquor is conducted is within less than three miles of the church. No written consent of a majority of citizens, free-holders, living within ten miles of Barnett, to the granting of a license to the plaintiff in error to sell whisky, was presented to the ordinary of the county, and no license was granted by the board of commissioners of the county.

*Benjamin H. Hill,* for plaintiff in error.
*E. P. Davis* and *James Whitehead,* contra.

LEWIS, J.  This was a suit by individuals to enjoin the violation of a penal statute.  The petition itself does not disclose any particular injury to the property of the complainants resulting from such violation.  The only allegation on this point is that some of the petitioners own real estate near the town in which the sale of liquors is being had, and that such sale injures and damages their property, interferes with their business, and is hurtful to the best interests of the church of which they are trustees.  There is no allegation whatever how their property is injured, or that the act complained of affects their rights any more than it does all other persons who come within the sphere of its operation.  On the hearing there was an absolute want of any proof tending to show any private injury, or any damage whatever to the property rights of the plaintiffs.  Manifestly, then, the object of this petition was not to redress a private grievance, but to enjoin the perpetration of an alleged public wrong.  We can not conceive upon what theory equity could interfere in such a matter, except upon the idea of restraining the commission of acts which amount to a nuisance; but if the facts alleged in the petition constitute a nuisance, it is of a public and not of a private nature, for it is not limited in its injurious effect to one or a few individuals.  In such a case no right of action lies to any individual, but if any exist, it should be instituted in the name of the State, upon information filed by the solicitor-general of the circuit.  Civil Code, §§3858, 4761.  The doctrine is too well established to require any lengthy discussion, that equity never interferes at the instance of the individual citizen or person in matters merely criminal, or merely immoral, which do not affect any right to property.

It is true a court of equity, under some circumstances,. will, at the instance of an individual, restrain an act which amounts to .a violation of a criminal law, but the act itself must be of some peculiar injury to the property rights of the party complaining, and the court interferes, not on account of the public wrong, but on account of the private injury. When, therefore, a case is presented by individuals for the sole purpose of restraining or preventing crime, equity is absolutely without any jurisdiction whatever over the subject-matter of the complaint. See this subject fully discussed in the following works, and citations therein contained: Kerr, Inj. * 5; 1 High, Inj. §20; 10 Am. & Eng. Enc. of Law, 914. See also *Paulk* v. *Mayor and Council of Sycamore,* 104 *Ga.* 24.

Where the court has no jurisdiction over the subject-matter of a suit, parties can not confer jurisdiction by agreement. Although this question was not argued by counsel for either side before this court, and we presume it was waived for the purpose of obtaining a final adjudication as to the right of the plaintiff in error to sell liquors, yet we can not, even upon such consent and waiver, sustain the judgment of the court granting an injunction when no jurisdiction has been conferred upon it by law. The judgment in such a case is void, and no consent or waiver of the parties litigant can make it a legal judgment of a court of law or equity.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*