## SISSON, administrator, *v.* PITTMAN.

1. A motion by one of the parties to set aside a judgment of the superior court, which itself set aside a judgment making the award of arbitrators the judgment of the court, on the ground that the judgment setting aside the award was improvidently granted by reason of the parties failing to present to the court the whole record of the case, from which certain facts would have appeared, was properly overruled. The full record should have been presented

by the movant, if the same afforded a defense, when the award was attacked; and a party defendant to the proceedings, having knowledge of facts which he failed to present at the proper time, is concluded by the judgment.

2. A material difference between the oath administered to arbitrators and that prescribed by statute, in a statutory submission, affords a good cause for setting aside an award.

Submitted March 2, — Decided March 28, 1901.

Motion to set aside judgment. Before Judge Russell. Jackson superior court. February 8, 1900.

*Russell & Armistead*, for plaintiff. *H. H. Perry*, for defendant.

LITTLE, J. At the February term, 1897, of Jackson superior court, on motion of Sisson, administrator, the award of the arbitrators in the case of Sisson, administrator, *v.* Pittman was made the judgment of the court, the award being in favor of the administrator, who was plaintiff in a case theretofore pending in said court against Pittman, and which was withdrawn and submitted to arbitration. ·At the February term, 1899, of said court, on motion of Pittman the judgment granted at the February term, 1897, making the award the judgment of the court, was set aside on the ground that the arbitrators were not sworn according to law. At the February term, 1900, Sisson, administrator, came and moved to set aside the judgment rendered at the February term, 1899, setting aside the judgment which made the award of the arbitrators the judgment of the court. This motion was predicated on two grounds: First, that the judgment rendered at the February term, 1899, which set aside the judgment rendered at the February term, 1897 (the latter being the judgment which made the award the judgment of the court), was improvidently granted, because the parties failed to present to the court the whole record of the case. Second, that the oath taken by the arbitrators was substantially correct, and sufficient to meet the requirements of the statute in the absence of fraud, the submission being under the common law. The motion was overruled, and Sisson excepted.

1. The motion, as we think, was properly overruled. There is no merit in the first ground. It appears from the record that it was on the motion of Sisson himself that the award was made the judgment of the superior court at its February term, 1897. · If he did not then present the whole record of the case he ought to have done so, and if there was any laches it was his own, and he will not now

be heard in support of a motion to vacate a judgment which set it aside. Again, when the motion was made at the February term, 1899, to set aside that judgment, he certainly was served with notice, and he could then have shown in defense to that motion, just as well as he can now, that the arbitrators were legally sworn. The question whether the judgment should be set aside on the ground that the arbitrators were not legally sworn was, by the judgment at the February term, 1899, fully adjudicated after an opportunity to Sisson to show all the facts. If he failed then to do so, he is now concluded by that judgment.

2. We do not agree with the movant that the submission to arbitration was under the common law, nor do we think the arbitrators were sworn according to law. The case between movant as plaintiff and Pittman as defendant was withdrawn by consent of the parties and submitted to the arbitrament of three arbitrators. One was chosen by plaintiff, one by defendant, and the third selected by the two thus named. The submission was made in writing signed by the parties, and submitted to arbitrament the matters in dispute between them, and in order that such matters might be definitely ascertained the parties applied for and had passed by the court an order to turn over to the arbitrators all the papers in the case, including the interrogatories, which were to be returned when the award was returned to the court. It is provided by the Civil Code, § 4487, that every arbitration under the code shall be composed of three arbitrators, one of whom shall be chosen by each of the parties, and the third by the two arbitrators thus selected. It is further provided (§ 4486) that, to entitle the award to be made the judgment of the court, all submissions to arbitrators shall be in writing. It is also provided (§ 4488) that when the submission is delivered to the arbitrators chosen by the parties, such arbitrators shall then choose another arbitrator whose name shall be inserted in the submission. All these things were done, and they constituted an arbitration under the code. Under an arbitration at common law the nature of an award is that it is binding on the persons submitting, but it can only be made the foundation of an action, and is not entitled to be made the judgment of the court. *Crane* v. *Barry,* 47 *Ga.* 476. In certain instances at common law the submission may be in parol, and the award also be verbal. Again, under the common law any number of arbitrators was sufficient.

See Civil Code, §§ 4474, 4476; *Jones* v. *Bond,* 76 *Ga.* 517. So it must be ruled in this case that the submission and the award rendered were statutory, and not under the rules of the common law. It is shown by the record in this case that the arbitrators were sworn to "impartially determine the matter of controversy existing between J. T. Sisson, administrator, and G. P. Pittman, touching a certain amount of money," etc. By the Civil Code, § 4492, it is prescribed that before the arbitrators enter upon the hearing they shall be sworn impartially to determine the matters submitted to them, "according to law and the justice and equity of the case, without favor or affection to either party." It will be observed that the oath taken by the arbitrators was materially different from that prescribed. They were simply sworn to impartially determine the matter of controversy between the parties, and they were not sworn to determine the same according to law and the justice and equity of the case, without favor or affection to either party. In the case of *Wilkins* v. *Van Winkle,* 78 *Ga.* 557, Judge Bleckley said: "Doubtless the statute, in prescribing the oath, meant to call the attention of the arbitrators to their obligations, not only to commit them to the performance of their duties, but to instruct them as to what their duties are; and among these are the important matters of impartially determining according to law and the justice and equity of the case, without favor or affection to either party." The oath administered to an arbitrator is not immaterial. It is only too common a practice for an arbitrator chosen by a particular party to consider that he represents the interest of that party; and the oath prescribed by the statute, that he shall determine the matters according to law and without favor or affection to either party, not only instructs the arbitrator as to his duty, but binds him to decide the merits of the case without regard to either party; and it must be ruled that an omission on the part of the arbitrators to take the oath prescribed or the equivalent of it is fatal to the award, when proper exceptions have been taken. There was no error in overruling the motion.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*