## 2054. EVANS *v.* EDENFIELD.

1. An arbitrator will not be permitted, as a witness, to impeach his award.
2. The evidence introduced before arbitrators is required to be filed with exceptions to the award, and failure to file a brief of the evidence with the exceptions, where an investigation of the evidence is necessary to the consideration of the exceptions, renders proper a dismissal of the

exceptions. Where no brief of the evidence is filed, exceptions dependent upon the evidence may properly be dismissed.

3. This court will not undertake to decide questions not raised in the lower court, and which are presented for the first time in this court.

Complaint; from city court of Swainsboro—Judge Mitchell. May 24, 1909.

Argued November 18,—Decided December 10, 1909.

*Williams & Bradley,* for plaintiff in error.

*Saffold & Larsen,* contra.

RUSSELL, J. In a suit upon account, in which Edenfield was plaintiff and Evans defendant, the matters in controversy were referred to arbitration. The agreement was as follows: "This agreement, made this 11th day of September, 1908, between J. W. Edenfield, of said State and county, of one part, and W. J. Evans, of said State and county, of the other part, witnesseth, that certain differences have arisen between the parties concerning the settlement of an account, mortgage, etc., wherein said Edenfield contends that said Evans is due him, and the said Evans also contends that said Edenfield is due him. Now, in order to adjust said difference, the parties do hereby submit the same to three arbitrators, viz., J. F. Price, chosen by said Edenfield, W. J. Finley, chosen by said Evans, and J. N. Youmans, chosen by the arbitrators selected by the parties. This submission, when signed, shall be delivered to one of the arbitrators chosen by the parties, and shall then be irrevocable. The award made thereunder shall be entered on the minutes of the superior court of Emanuel county, or the city court of Swainsboro, and shall have all the force and effect of a judgment or decree of said court. Witness our hands and seals, this Sept. 11th, 1908. J. W. Edenfield (L. S.), W. J. Evans (L. S.)."

As we view the case, it is immaterial whether the arbitration was common-law or statutory; for the point that the city court did not have the right to enter up judgment was not raised in the lower court or in the bill of exceptions. But even if the arbitration was statutory, it is clear that it comes properly under the judiciary act of 1799, and nothing is said in §4509 of the Civil Code of 1895 (which is taken from the 30th section of the act of 1799) which would forbid a cause pending in any court from being referred to arbitration, and the award of the arbitrators thereafter being made the judgment of such court. Of course, if the arbitration had

been under the act of 1856, the award could only be entered upon the minutes of the superior court, and the city court of Swainsboro would have had no jurisdiction. We have only said this much because considerable point is made in the argument to the effect that the city court is without jurisdiction to enter judgment upon the award, and that the judgment is a nullity; but as we have before stated, this point was not raised in the lower court, and, of course, can not be passed upon in the consideration of the present writ of error. The plaintiff in error offered one of the arbitrators as a witness to show that the arbitration was the result of a mistake, in that the arbitrators, in finding the result, were under the impression that five barrels of turpentine were the property of the plaintiff, Edenfield, whereas the defendant Evans claimed and intended to make clear that said five barrels of spirits were his property. It is plain that the merit of this exception could not be determined unless a brief of evidence, accompanying the award, had sustained the correctness of the exceptor's contention; and it is also clear that the arbitrator would not be permitted to impeach his finding as to the award. *South Carolina R. Co.* v. *Moore,* 28 *Ga.* 399 (73 Am. D. 778). The court did not err in declining to allow the arbitrator Price to testify in impeachment of his own finding.

We think, too, that the court properly dismissed the exceptions because the evidence is required to be filed with the exceptions. This would be true even if the arbitration had been held under the arbitration act of 1856, as is insisted by counsel for plaintiff in error. See *Foster* v. *Collier,* 76 *Ga.* 692. If the arbitration was under the provisions of the act of 1799, the result is the same; for a brief of the evidence is necessary, in order to determine the validity of the exception. If the arbitration was under the provisions of the act of 1856, the evidence was required to be filed with the exceptions. See *Foster* v. *Collier,* supra; *Phipps* v. *Tompkins,* 50 *Ga.* 641; *Akridge* v. *Paltillo,* 44 *Ga.* 585. If it was an arbitration under the judiciary act of 1799, the evidence was likewise required to be filed. *Overby* v. *Thrasher,* 47 *Ga.* 11; *Barnesville Manufacturing Co.* v. *Caldwell,* 48 *Ga.* 421.

As we understand the law, the difference between a statutory award and a common-law award is that the latter affords only a basis for an action; "it is binding on the person submitting, but it can only be made the foundation of an action, and is not entitled

12

to be made the judgment of the court." *Sisson* v. *Pittman,* 113 *Ga.* 166 (38 S. E. 315). The difference between an award under §4509, which was taken from the judiciary act of 1799, and an award under the act of 1856, as amended by the act of 1876, is that the award in the latter case can only be made the judgment of the superior court, while an award under an arbitration held under the provisions of section 30 of the act of 1799 may be made the judgment of any court in which action was pending prior to the time it was referred to arbitration by consent of the parties. In the present case the parties were evidently proceeding under the act of 1799, because it was agreed that the award might be made the judgment either of the superior court of Emanuel county or of the city court of Swainsboro. If they had been proceeding under the act of 1856 this would not have been consented to. There was no error in dismissing the exceptions, which were unaccompanied by the evidence necessary to a proper understanding of the complaint urged in the exceptions.

*Judgment affirmed.*