## 13407.  BRANNON *v.* PRICE.

BELL, J.  1.  A motion to dismiss a bill of exceptions complaining of error by the court in making an award its judgment can not be sustained upon the ground that the plaintiff in error has accepted the award (not the judgment) when the facts stated in the motion are not shown by the record nor verified by the oath of any person nor by any statement of counsel other than his signature to the motion as attorney for the movant, and where no rule nisi is prayed, and it not appearing that the parties have settled their controversy or that the judgment has been satisfied.  *Randolph* v. *Brunswick etc. R. Co.,* 120 *Ga.* 969 (48 S. E. 396).

2.  A common-law award may be upon a submission either in writing (*Stephens* v. *Johnson,* 104 *Ga.* 241, 30 S. E. 807) or in parol (*Sisson* v. *Pittman,* 113 *Ga.* 166, 38 S. E. 315); but it is one of the absolute requisites of a statutory award that the submission shall have been in writing.  Civil Code (1910), § 5031.

3.  "Under an arbitration at common law the nature of an award is that it is binding upon the persons submitting, but it can only be made the foundation of an action, and is not entitled to be made the judgment of the court."  *Sisson* v. *Pittman,* supra.

4.  A statutory award, where there is a compliance in all respects with the statutes providing for the same, is entitled to be made the judgment of the court, without first bringing an action thereon, "but to entitle an award to be made the judgment of the court, all submissions to arbitration shall be in writing, and shall contain a clear and accurate statement of the matters in controversy submitted, and any other matter that may be pertinent to said submission, and also the names of the arbitrators chosen by the parties."  Civil Code, § 5031.

5. It appearing that the award was upon a parol submission, the court was without any jurisdiction to make the same its judgment upon the mere return thereof and entry of the same upon the minutes, as provided in § 5047 of the Civil Code of 1910; and it was likewise without authority to pass an order upon any ground striking the objections which were filed to the award by the plaintiff in error.

6. "Even consent of parties can not give a court jurisdiction of a subject-matter when it has none by law; and when this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter and the case is brought here for review upon writ of error," the judgment will be reversed. *Smith* v. *Ferrario*, 105 *Ga.* 51 (31 S. E. 38); *O'Brien* v. *Harris*, 105 *Ga.* 732 (31 S. E. 745).

7. The trial court having no jurisdiction to pass any judgment upon the award, or any other order in the case except to dismiss it, a judgment should have been entered dismissing the entire proceeding, including the judgment upon the award; and it is so directed. *Pope* v. *Jones*, 79 *Ga.* 487 (2) (4 S. E. 860); *Blocker* v. *Boswell*, 109 *Ga.* 230, 239 (34 S. E. 289).

*Judgment reversed, with direction. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 20, 1922.

Exceptions to award; from Ben Hill superior court — Judge Gower. January 11, 1922.

*Eldridge Cutts,* for plaintiff in error.

*Crum & Jones, Barry Clare,* contra.