36590.   SCOTT *et al. v.* MINNIX.

DECIDED APRIL 2, 1957—REHEARING DENIED APRIL 19, 1957.

*Albert B. Wallace,* for plaintiffs in error.

*Glenn Frick, Harold R. Banke, Edwin S. Kemp, Hamilton Lokey, Lokey & Bowden,* contra.

FELTON, C. J. Where it appears in the record, this court may on its own motion inquire into the question of the jurisdiction of this court or the jurisdiction of the court below as to subject matter. *Brannon* v. *Price,* 29 *Ga. App.* 333, 334 (6) (115 S. E. 151); *Smith* v. *Ferrario,* 105 *Ga.* 51, 53 (31 S. E. 38); *O'Brien* v. *Harris,* 105 *Ga.* 732, 736 (31 S. E. 745).

The Clayton County Board of Zoning Appeals did not have the power and jurisdiction to proceed as it did and, therefore, the Superior Court of Clayton County did not have jurisdiction in an appeal from such void proceedings as to the merits of such proceedings. The act creating the Clayton County Board of Zoning Appeals sets its powers and jurisdiction. Ga. L. 1949, pp. 223, 229. Section 10 of the act provides: *"Appeals* to the Board of Zoning Appeals may be taken by *any officer, department,* or *board of the county* and also by any person or persons having a substantial interest in any decision of *an administrative officer* or *agency* seeking to function under authority of or enforce any ordinances pursuant to this Act." (Emphasis supplied.) The act gives the board of zoning appeals the following powers: "1. To hear and decide *appeals* where it is alleged by appellant that there is an error in any order, requirement, decision or determination made by an administrative official or agency in the enforcement of this Act or of any regulation adopted pursuant thereto. 2. To authorize *upon appeal* in specific cases such variance from the terms of such regulations as will not be contrary to the public interest, where, owing to special conditions full demonstration on the basis of the facts presented, literal enforcement of the provisions of the regulation will result in great practical difficulties or unnecessary hardships, and so that the spirit of the regulation shall be observed and substantial justice done.

3. To permit in appropriate cases, in harmony with the general purposes and intent of such regulations, a building or premises to be erected or used for public utility or public services purposes in any location which is reasonable necessary for public convenience and welfare. In exercising the above mentioned powers such Board may, in conformity with the provisions of this Act, *reverse* or *affirm*, wholly or partly or may *modify* the order, requirement decisions or determination *appealed from* and may take such order, requirement, decision and determination as ought to be made, and to that end shall have all the powers of the officer or agency from whom the appeal is taken." (Emphasis supplied.) Thus, it can be seen that under the act creating it, the board of zoning appeals has no original jurisdiction pertaining to the administration of the zoning laws of Clayton County. Its jurisdiction is appellate only. Applications for exceptions to and permitted uses under the zoning laws of Clayton County can not be applied for directly to the board of zoning appeals. While Section 10 of the Act does provide, "The governing authority may specify and provide general rules to govern the organization, procedure and jurisdiction of such Board of Zoning Appeals, which rules shall not be inconsistent with the provisions of this Act," the governing authority of Clayton County cannot confer upon the board of zoning appeals original jurisdiction in zoning matters because such would be contrary to the Act. If the governing authority of Clayton County did promulgate a zoning ordinance which gave to the board of zoning appeals such original jurisdiction, that portion of the ordinance granting original jurisdiction would be void because it would be contrary to the act of the General Assembly creating the board of zoning appeals. The superior court took jurisdiction of the appeal for the purpose of ruling on the merits of the appeal and did rule on the merits of the appeal petition as against a general demurrer. Since the board of zoning appeals was without jurisdiction in this matter as it stood and since its proceedings were nugatory and void because of such lack of jurisdiction, the Superior Court of Clayton County was likewise without jurisdiction to rule on the merits of the appeal.

The judgment of the superior court is reversed with direction

592

that it dismiss the appellate proceedings with direction that the board of zoning appeals vacate its order granting the use petitioned for by A. R. Minnix.

*Judgment reversed with direction. Quillian and Nichols, JJ., concur.*

### ON MOTION FOR REHEARING.

In his motion for a rehearing the defendant in error contends that the record does not sufficiently disclose facts which this court can consider in making the determination that it did. It is contended that it does not appear that the proceeding before the Clayton County Board of Zoning Appeals was an original application for a special use permit rather than an appeal to that board. In his appeal petition to the superior court, the appellant alleged that it was an application to the board of zoning appeals for a special use permit. Nowhere in the record does it appear that there was ever an application made to any administrative officer or agency seeking to function under authority of or enforce any ordinance pursuant to the act of 1949 for a special use permit and that the proceeding before the board of zoning appeals was an appeal from a decision of an administrative officer or agency. The only conclusion that can be drawn from the record is that the application for a special use permit in the instant case was made originally and directly to the board of zoning appeals which, as we have said, had no jurisdiction to entertain such an application. In their briefs, both parties admit that the proceeding before the board of zoning appeals was on an application for a special use permit and was not an appeal from a decision of an administrative officer or agency in the matter. Further, there has been no suggestion or application for a diminution of the record which might show that the proceeding before the board of zoning appeals was an appeal rather than an original application.

*Motion for rehearing denied.*