## STEWART *v.* HILL *et al.*

1. The act approved December 17, 1901 (Acts of 1901, p. 63), as amended by the act approved August 7, 1903 (Acts of 1903, p. 91), relating to the employment of tenants and croppers and making it unlawful for any person to employ or contract with, as tenant or cropper, any person under contract with another, is penal in its nature and is to be strictly construed.

2. This suit having been brought to recover damages of the defendant under the provisions of the acts referred to in the foregoing headnote, and the distinct issue having been raised by the allegations of the petition and the answer of the defendant as to whether the renting of certain lands by the defendant was to a party between whom and the plaintiffs the relation of landlord and cropper existed, or to the wife of such party, the failure of the court in the course of his instructions to the jury

to charge them upon this issue was error, there being some evidence to support the contentions of the defendant in reference thereto.

JUNE 16, 1910.

Action for penalty. Before Judge Meadow. Taliaferro superior court. May 5, 1909.

C. A. Hill and W. H. Burwell, as landlords of B. F. Rogers, brought suit against D. S. Stewart, alleging, that the latter rented lands for the year 1907 to said Rogers with knowledge of a similar subsisting contract between plaintiffs and Rogers for that year; that while the contract made by Stewart with their tenant was, on its face, taken in the name of Rogers' wife, this was a mere subterfuge to evade the provisions of the statute in such cases provided; that the real intent and purpose of renting said lands to Mrs. Rogers was to secure the services of her husband; and that the effect of the same was to disturb the relation existing between petitioners and said B. F. Rogers. Rogers had rented a two-horse crop from petitioners; and it was alleged that by reason of the unlawful interference by defendant with petitioners' tenant their lands had lain idle and unproductive. Petitioners sued for the value of 4,000 pounds of lint cotton, double the rental of a two-horse farm. The defendant denied the allegations of the petition, and averred that he did not rent lands that year to B. F. Rogers, but that he did in good faith rent land to Rogers' wife. He further averred, that even if he had contracted with Rogers himself, and furnished him lands as alleged, it would not have been in violation of law so as to subject defendant to damages or to prosecution by the plaintiffs, for the reason that no valid and binding contract was ever made between the plaintiffs and Rogers for that year; but, whether valid or not, that there had been such a breach of the alleged contract on the part of plaintiffs as to leave defendant free to treat it as rescinded and at liberty to contract with Rogers independently of such prior contract and without regard to it. The jury returned a verdict in favor of the plaintiffs for 2,000 pounds of lint-cotton, at a stated price per pound. The defendant's motion for a new trial was overruled, and he excepted.

*Hawes Cloud,* for plaintiff in error. *S. H. Sibley,* contra.

BECK, J. (After stating the foregoing facts.) The act approved December 17, 1901 (Acts of 1901, p. 63), as amended by the act approved August 7, 1903 (Acts of 1903, p. 91), relating

to the employment of tenants and croppers, and making it unlawful for any person to employ or contract with, as tenant or cropper, any person under contract with another, is penal in its nature and is to be strictly construed, where suit is brought against one alleged to have violated the provisions of the first section of the act. That section provides: "That when the relation of employer and employee, or of landlord and tenant of agricultural lands, or of landowner and cropper, has been created by written contract or by parol contract partly performed, made in the presence of one or more witnesses, it shall be unlawful for any person during the life of said contract, made and entered into in the manner above prescribed, to employ, or to rent lands to, or to furnish lands to be cropped by said employee, tenant or cropper, or to disturb in any way said relation, without first obtaining the written consent of said employer, landlord or landowner, as the case may be." In the present case petitioners alleged that the defendant had violated the provisions of this section by employing one Rogers, while the relation of landlord and cropper existed between them and Rogers, under a parol contract which was still in life, by renting lands to Rogers and furnishing him lands to be cropped. And in another paragraph of the petition it was charged that the defendant, with intent to obtain the services of Rogers in making a crop upon defendant's lands, "did rent and furnish lands to Mrs Rogers, the wife of the said B. F. Rogers, without the written consent of petitioners." And it was also charged in the petition that "the real intent and purpose of the defendant in renting said lands to said Mrs. Rogers was to secure the services of her husband in making a crop as aforesaid, and that the taking of the rent note from the wife was·a subterfuge to evade the provisions of the statute in such cases provided." The defendant in his plea, while he admitted that B. F. Rogers and his family were residing on his lands, denied that he had rented land to B. F. Rogers, and alleged that the premises upon which B. F. Rogers and family lived had been rented by him to the wife of B. F. Rogers in good faith and "without any intention or idea of interfering in any way with any relation that may have existed between B. F. Rogers and plaintiffs." From the allegations in the petition and those contained in the answer it will be seen that there was a distinct issue raised in the pleadings as to whether defendant rented his lands to B. F. Rogers or to the

wife of the latter, and if the defendant did rent the lands to the wife and not to her husband, between whom and the plaintiffs there existed the relation of landlord and cropper, such renting or furnishing of lands can not have been a violation of the provisions of the statute which we have quoted above, unless, instead of giving a strict construction to the statute, a broad and liberal construction should be given to it, which would render it so comprehensive that if one should rent lands to the wife of another between whom and other parties there existed the relation of landlord and cropper, this would constitute an infraction of the terms of the statute. We do not think that the provision against disturbing in any other way the relation between landlord and tenant, or landlord and cropper, should be given a construction which would render an act other than one of the same nature as those expressly inhibited a violation of this highly penal statute.

The jury received no instructions from the court, in the course of his charge, touching the material issue raised by the pleadings and the evidence as to whether the defendant rented the lands, to which B. F. Rogers and his wife removed from the lands of the plaintiffs, to Mrs. Rogers or to her husband. Under the evidence in the case it was clearly a question for the jury as to whether the renting of the lands by Stewart was to the wife or the husband; and it was also for them to decide whether, if the wife was nominally the contracting party, the contract between her and Stewart with reference to the rent was merely colorable, while the real understanding was that Mr. Rogers, and not his wife, was to be the tenant or cropper of the owner of the lands. The defendant was entitled to have the issue which we have stated above submitted to the jury with appropriate instructions; and the court having failed to charge the jury concerning this issue, the defendant in the case should have his cause retried before another jury.

No other error of sufficient materiality to require the grant of a new trial is shown in the grounds of the motion, though portions of the charge excepted to contain language which is not an altogether accurate statement of the law applicable to the issues dealt with. Such minor inaccuracies will no doubt be corrected by the court in charging the jury on the next trial.

*Judgment reversed. All the Justices concur.*