## FORTUNE *v,* BRASWELL.

Civil Code §§ 3712 and 3713, which provide that when the relation of employer and employee, or of landlord and tenant of agricultural lands, or of landowner and cropper has been created by written contract or by parol contract partly performed, made in the presence of one or more witnesses, it shall be unlawful to employ, or to rent lands to, or to furnish land to be cropped by such employee, tenant, or cropper, without first obtaining the written consent of the employer, landlord, or landowner, as the case may be, and providing that any person violating the statute shall, at the option of the party alleged to have been injured, be prosecuted and upon conviction punished as for a misdemeanor, or shall be liable in damages in a sum not less than double the wages of the employee, or, in case of landlord and tenant or landowner and cropper, in a sum not less than double the rental value of the land, which is fixed at 1,000 pounds of middling lint-cotton to the plough, offend the constitutional guaranty that no person shall be deprived of life, liberty, or property except by due process of law, in that power is delegated to a private individual at his option to classify the act denounced by the statute to be a crime punishable by imprisonment or to be a private wrong redressable in damages; and further because it lays an unreasonable restriction on the right to contract with reference to one's labor or the right to employ such labor.

MARCH 11, 1913.

Certified question; from Court of Appeals. 4396.

*O. Roberts* and *R. B. Fortune,* for plaintiff in error.

*R. L. Cox,* contra.

EVANS, P. J. The constitution of Georgia declares that "no person shall be deprived of life, liberty, or property, except by due process of law." Civil Code, § 6359. The Court of Appeals desires an instruction whether Civil Code §§ 3712 and 3713 are violative of this provision of the constitution. These sections are as follows: "§ 3712. *Interfering with certain relations.* When the relation of employer and employee, or of landlord and tenant of agricultural lands, or of landowner and cropper has been

created by written contract or by parol contract partly performed, made in the presence of one or more witnesses, it shall be unlawful for any person during the life of said contract, made and entered into in the manner above prescribed, to employ, or to rent lands to, or to furnish lands to be cropped by said employee, tenant, or cropper, or to disturb in any way said relation, without first obtaining the written consent of said employer, landlord, or landowner, as the case may be." "§ 3713. *Penalty.* Any person violating the provisions of the foregoing section shall, at the option 'of the party alleged to have been injured, be prosecuted and upon conviction punished as for a misdemeanor; or he shall be liable in damages to said alleged injured party, as follows: (1) In case of employer and employee, the damages shall not be less than double the amount of wages or salary for the entire period of said contract. (2) In case of landlord and tenant, or of landowner and cropper, the damages shall not be less than double the annual rental value of the lands rented or cropped, said value to be fixed at 1,000 .pounds of middling lint-cotton to the plough."

It is urged that an enforcement of the statute will deprive a citizen of his right to labor and to contract with reference thereto without incurring the penalties written in the statute, and therefore deprive him of his property. "The right of property preserved by the constitution is the right not only to possess and enjoy it, but also to acquire it in any lawful mode, or by following any lawful industrial pursuit which the citizen, in the exercise of the liberty guaranteed, may choose to adopt. Labor is the primary foundation of all wealth. The property which each one has in his own labor is the common heritage. And, as an incident to the right to acquire other property, the liberty to enter into contracts by which labor may be employed in such way as the laborer shall deem most beneficial, and of others to employ such labor, is necessarily included in the constitutional guaranty." Braceville Coal Company *v.* People, 147 Ill. 66 (35 N. E. 62, 22 L. R. A. 340, 37 Am. St. R. 206). Indeed, it will not be seriously controverted that the right to labor and the right to contract with others to labor upon one's property are to be regarded as property-within the meaning of the constitutional guaranty.

This statute is penal in its nature, and is to be strictly construed. *Stewart* v. *Hill*, 134 *Ga.* 598 (68 S. E. 328). In terms it peremptorily forbids the renting of land to the tenant of an-

other, without regard to the effect upon the relation existing between the tenant and his landlord. A tenant may have rented land insufficient to employ his own labor and that of his family, and yet he is not permitted to supplement his farm by renting additional land from another. No other landlord could rent such a tenant more land without violating the provisions of the statute.

The statute makes the violation of its provisions a crime, or a tort remediable in arbitrary damages at the option of the aggrieved party. A law which gives to an interested party the absolute right to declare an act to be a public offense punishable by imprisonment, or a private wrong redressable in arbitrary damages, is certainly lacking in due process. Under our system of government, the legislature may denounce an act to be a crime, but it can not delegate to a private individual the power to classify such act to be a public or private wrong at his option.

Again, the next section (3714) provides that "In addition to other defenses, the following defenses in both civil and criminal cases arising under the provisions of the two preceding sections shall be good and sufficient, when proved in every item to the satisfaction of the jury, to wit: 1. For the defendant to show that prior to the alleged violation of said section said employee, tenant, or cropper, as the case may be, had for good reason and just cause abandoned his said contract and terminated the relation created thereby. 2. For the defendant to show as a complete defense all of the following facts, to wit: That, prior to employing or otherwise contracting with said employee, tenant, or cropper, he received from said employee, tenant, or cropper an affidavit to the effect that said employee, tenant, or cropper was not at the time under a prior existing contract, which affidavit the defendant shall show to the court, and that immediately on proof that said employee, tenant, or cropper was under contract defendant discharged him, and refused to permit and did not permit him to remain on his (defendant's) premises." The only complete defenses permissible thereunder after it is shown that the cropper or tenant was under contract, other than a waiver of the contract, are that the cropper or tenant was justified in abandoning the contract, or that the defendant took from such cropper or tenant an affidavit, prior to the employment, to the effect that such tenant or cropper was not under any existing contract, and that immediately upon proof that the cropper or tenant was under contract

the defendant discharged him and would not permit him to remain on the defendant's premises. The property rights of the second employer are not taken into account, however innocent he may have been in entering into the contract with the other's tenant. Suppose that the defendant in such action, without notice actual or constructive that such tenant or cropper was already under contract, and after taking the prescribed affidavit from him, had entered into a business relation with him, and had invested a considerable sum of money in the enterprise. If afterwards the defendant should be informed of a prior contract, he could only obtain immunity from criminal prosecution or civil liability at the sacrifice to his business resulting from the dismissal of the person who happened to be under a prior contract with another. It can not be said that a law which may impose a property loss on an innocent person who complies with its terms gives to such person due process of law. .

We will not enter into any discussion of that phase of the question as to whether the practical working of the act may produce a state of peonage, as such is not comprehended in the constitutional question certified to us. We think the statute is void as being opposed to the due-process clause of the constitution.

*All the Justices concur, except Beck, J., absent.*