Since the trial court was without jurisdiction to suspend the sentence in the first instance, and the petitioner must be presumed to have known that that part of the sentence which related to its suspension was wholly void, the judgment of the trial judge upon the petition for habeas corpus is not affected by the fact that the accused was not called upon to show cause why the court should not pass an order requiring the execution of the sentence; and certainly the accused could not claim the expiration of a sentence under which he had not served a single day, merely because the period of time which had elapsed was longer than the sentence originally imposed. *Judgment affirmed.*

---

4396. FORTUNE *v.* BRASWELL.

PER CURIAM. This case is controlled by the opinion of the Supreme Court on the constitutional question certified (139 *Ga.* 609, 77 S. E. 819); and the judgment of the lower court is *Affirmed.*
DECIDED MAY 20, 1913.

Action for damages; from city court of Monroe—Judge Stone. September 14, 1912.

The question certified to the Supreme Court by the Court of Appeals, for instruction, was whether sections 3712 and 3713 of the Code of 1910, as to when it is unlawful to employ or rent land to an employee or tenant of another, etc., are repugnant to the provision of the constitution of Georgia, that "no person shall be deprived of life, liberty, or property, except by due process of law." The Supreme Court answered the question in the affirmative, holding that these sections are void.

*O. Roberts,* for plaintiff in error. *R. L. Cox,* contra.

---

4829. FLOOD *v.* THE STATE.

The testimony was not sufficient to exclude every reasonable hypothesis save that of the guilt of the accused, and a new trial should have been granted.
DECIDED MAY 20, 1913.

Indictment for sale of liquor; from Murray superior court— Judge Fite. February 25, 1913.