## CANTRELL *v.* DAVIS.

No. 9323.   MARCH 18, 1933.

746

*Noah J. Stone,* for plaintiff.

*McDaniel, Neely & Marshall* and *Harry L. Greene,* for defendant.

RUSSELL, C. J. In view of the history of the municipal court of Atlanta, as appears from the original passage of the act and the amendments referred to in the question propounded by the Court of Appeals, it is plain that the General Assembly has not at any period contemplated that the municipal court of Atlanta, Fulton section, should have jurisdiction of cases arising from injuries to

the person. The language of this exception is so broad as to deny to that court all jurisdiction of cases where a personal injury is the basis of the action, whether directly or indirectly as the origin of a right of action dependent upon certain relationships to the individual whose person may have suffered injury, such as children, father, dependent mother, etc. In other words, the municipal court is entirely without jurisdiction to deal at all with suits which depend upon personal injuries. The legislative intention to deny to the municipal court any jurisdiction in this matter is clear, we think, from the language, in that, after giving this court "concurrent jurisdiction . . over the entire county of Fulton," the enactment states the reservation as follows: "except as to cases *arising* from injuries to the person or reputation." This excepts all cases arising from injuries to the person, and includes as well those which arise indirectly as a result of various enactments conferring rights of action upon persons nearly related to the person injured, as where the injury was received by the plaintiff himself. We have not overlooked the decision in *Frazier* v. *Georgia Railroad Co.*, 101 *Ga.* 70 (28 S. E. 662), which is seemingly relied upon by counsel for the defendant in error, and which counsel for plaintiff in error asks to be reviewed and overruled. Nothing we have said in answer to the question is in conflict with the ruling in the *Frazier* case. Even if the opinion were that of a full bench, the foregoing statement would be true. Even though a father is entitled to recover, as a part of his personal estate, the earnings of his child who may be killed per quod servitium amisit, as held in the *Frazier* case, this power of dealing with cases "arising from injuries to the person" was not conferred upon the municipal court, but was expressly excluded, as we have endeavored to demonstrate. The question submitted by the Court of Appeals must be answered in the negative.

*All the Justices concur.*