MORRIS, executor, *et al.* v. MORRIS, executor, *et al.*

No. 12031. FEBRUARY 19, 1938.

*Barry Wright* and *Henry J. Fullbright Jr.*, for plaintiff.

*Wright & Covington* and *Maddox & Griffin,* for defendants.

ATKINSON, Presiding Justice.   Charles W. Morris executed a will and afterwards died, leaving a widow, three daughters, and three sons, all of the latter being nominated as executors.   He also left debts encumbering the property.   The will was probated in solemn form, and the appointed executors duly qualified.   They entered into an agreement by which one of them, Charles R. Morris, should actively manage the affairs of the estate under advice from the other two, at a fixed salary.   After the agreement went into operation, one of the two, Paul I. Morris, resigned as executor in August, 1935.   More than one year thereafter the other executor, Emory S. Morris, in both his individual and representative characters instituted suit against Charles R. Morris as executor, naming also as defendants the widow, the daughters, and Paul I. Morris individually.   The petition alleged indefiniteness of the will, breach of duty as executor by Charles R. Morris, and waste of the estate. The prayers were for construction of the will and direction to the executors; for an accounting, injunction and receiver.   Charles R. Morris filed a demurrer on general and special grounds.   The demurrer was sustained and the action dismissed.   The plaintiff excepted.

■ The rulings announced in the first and fourth headnotes do not require elaboration.

■ The will contained the following clauses:

"I give to my beloved wife, Laura A. Morris, during her widowhood or life, all of my property, real and personal of every kind and description, wheresoever located, the same to be used for her maintenance and support.

"I empower my executors hereinafter named with the authority to sell or mortgage any of my said property, should it become necessary for the support of my said wife or protect my estate, without order of court.

"After the death of my wife, any property remaining to be divided share and share alike between my six children."

In paragraph 11 of the petition it is alleged:   "Petitioner further shows to the court that the will of the said Charles W. Morris is not clear and easily comprehensible, but is vague and doubtful in its meaning and intent, and should be construed and interpreted

by the court, and direction should be given in connection therewith, especially as to the estate devised and bequeathed to Mrs. Laura A. Morris, the widow of Charles W. Morris, deceased, and as to whether she is entitled to the entire net income of the estate during her life or widowhood, in case such net income is more than sufficient for her maintenance and support, or whether she is simply entitled to maintenance and support from the estate of the deceased; and if the net income be in excess of the necessity for such maintenance and support, whether the same belongs to the said widow or becomes a part of the estate. Petitioner believes that it is necessary and essential in the management and administration of the estate that the will be construed and interpreted especially in respect herein stated." And in paragraph 3 of the amendment to the petition it was alleged: "That under the terms of the will of C. W. Morris a trust estate was created for support and maintenance of the life-tenant, and the trust was to be administered by the executors for her support, and for the benefit of the estate. The executors were to collect debts due the estate, and pay debts due by the estate, and discharge encumbrances on the real property, and carry out the terms of the trust, turning over to the beneficiary a sufficient amount out of the income of the estate each month for her support and maintenance, and setting aside a sufficient sum to pay off the liens secured by mortgages or loan deeds on some or all of the real property of the estate when said loans should become due." On these allegations it was prayed: "That said will be construed as creating a trust estate."

"In cases of difficulty in construing wills, or in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the representative may ask the direction of the court, but not on imaginary difficulties or from excessive caution." Code, § 37-404; *Durham* v. *Harris,* 134 *Ga.* 134 (67 S. E. 668); *Reynolds* v. *Ingraham,* 179 *Ga.* 398 (175 S. E. 918). Under the foregoing statute and decisions of this court, the plaintiff as coexecutor alleged, in paragraph 11 of the petition and paragraph 3 of the amendment, a proper case for construction of the will, and direction as to the matters so alleged.

■ Another provision of the will is: "I nominate and appoint my three sons, . . executors, . . they to serve without bond, and not to be required to make returns to any court, but to keep cor-

rect accounts of receipts and disbursements, and exhibit the same to their mother and sisters or their representatives whenever they may wish to see the same. My said executors shall agree among themselves as to the management of my estate to the best interest of all concerned, and I request that the one doing the work be paid the usual commission." In paragraph 7 of the petition it is alleged: "Petitioner is informed that gross income of the said estate does not exceed $700 a month, which is realizable largely from the collection of rents on real estate. This gross income would not entitle the defendant, Charles R. Morris, under the terms of the will, to ordinary compensation in excess of about $35. But petitioner and the said Paul I. Morris, while he was executor, did agree that in lieu of ordinary and extraordinary services and compensation and for the collection of rents from a large number and parcels of small pieces of real estate, in lieu of having a real estate agent collect them, and for all other full and complete handling of the affairs of said estate, that the said defendant, Charles R. Morris, might be paid the sum of one hundred ($100) dollars per month. Petitioner is not clear that he and the said Paul I. Morris and the said defendant had authority to enter into an agreement of this sort, but they did do so in good faith, and such compensation was paid by the defendant, Charles R. Morris, to himself." This does not seek construction and direction as to the above-quoted provision of the will, or show difficulty in distributing the estate, in ascertaining the persons entitled, or in determining under what law the property should be divided.

*Judgment reversed. All the Justices concur.*