32578.   FUNK *v.* BALDWIN.

DECIDED OCTOBER 18, 1949.

*Marvin O'Neal Jr.*, for plaintiff in error.

*Jones, Williams & Dorsey*, contra.

GARDNER, J. ■ The court sustained the demurrer on the principle of law that the allegations of the petition were grounded on slander and that the Civil Court of Fulton County was without jurisdiction to sustain such a cause of action. The act of the General Assembly (Ga. L. 1925, p. 387, sec. 26), expressly provides that the Civil Court of Fulton County "shall have jurisdiction to try and dispose of all civil cases of whatever nature, except injuries to the person or reputation." For the purpose of passing upon a demurrer, the court must construe the petition most strongly against the pleader. There are numerous decisions of the Supreme Court and this court to this effect. In this view let us then inquire what the germane allegations of the petition are. In addition to the allegations of the petition which we have set forth, the failure to charge certain allegations no doubt motivated the court in sustaining the demurrer. The petition alleged a contract of employment between the plaintiff and the B. F. Goodrich Rubber Company. It failed to allege that it was for a definite term. The petition alleged that the defendant was the manager of the store where the plaintiff was employed, but there is no allegation that the defendant as such manager did not have a right to discharge the plaintiff and there is no allegation that the plaintiff was illegally discharged. There is an allegation that the store manager discharged her. There is no allegation that the store manager did not have a right to discharge her. The plaintiff's contention is that her suit is based on the provisions of Code § 105-1207, as follows: "In all cases he who maliciously procures an injury to be done to another, whether it is an actionable wrong, or a breach of contract, is a joint wrongdoer and may be sued either alone or jointly with the actor." And counsel further cites and relies on *Fortune v. Braswell*, 139 *Ga.* 609 (77 S. E. 818), to the effect that the petition alleged a cause of action for interfering with the property right, that is, the right of the plaintiff to work. Counsel for the plaintiff calls our attention to the case of *Ott v. Gandy*, 66 *Ga. App.* 684 (19 S. E. 2d, 180), and contends that by virtue of the opinion in that case the judgment of the trial court in sustaining the demurrer

and dismissing the petition should be reversed. The headnotes of that opinion read:

"1. The fact that an employment is at the will of the employer and employee does not make it one at the will of others, and a malicious and wrongful interference with such employment by another is actionable although the employment be at will.

"2. The petition set forth a cause of action for an unjustified interference by the defendant with the contractual relations of the plaintiff with his employer, and the court erred in sustaining the defendant's general demurrer."

That is a very interesting decision. Upon reading the opinion, it will be readily observed that there is a wide difference between the allegations of fact in the petition in that case and in the instant case. In some respects they are analogous. There, as here, the employment was for an indefinite period. In that case it was alleged that the insurance agent, Ott, entered into a contract with the insurance company and that after the plaintiff Ott by virtue of his diligence, and by hard work, had established a good business on commission, the defendant Gandy was appointed manager of the insurance company's Augusta office (the territory in which Ott was soliciting business for insurance). The petition in that case further alleged that the defendant Gandy had no authority to discharge the plaintiff Ott, or to rescind his contract but because of jealousy he wrongfully procured the insurance company to discharge Ott. So this court in the *Ott* case held that the petition set forth a cause of action because Gandy interfered with the contractual relation of Ott and caused Ott to be discharged. The petition in the instant case makes no such allegation. When we construe the petition in the instant case most strongly against the plaintiff, we find that the defendant Baldwin, the store manager, discharged the defendant himself and that he had authority and a lawful right to do so. If the petition in the instant case had alleged that Baldwin had no authority to discharge the plaintiff but by the conduct alleged wrongfully procured the B. F. Goodrich Rubber Company to discharge her, then the petition would have set out a cause of action. Counsel for the plaintiff also calls our attention to the cases of *Southern Grocery*

*Stores Inc.* v. *Keys,* 70 *Ga. App.* 473 (28 S. E. 2d, 581); *Colonial Stores* v. *Coker,* 74 *Ga. App.* 264 (39 S. E. 2d, 429); *Simpson* v. *Jacobs Pharmacy Co.,* 76 *Ga. App.* 232 (45 S. E. 2d, 678). We do not think that the principles of law involved in those decisions are applicable to the facts in the instant case. In those cases the court held that an invitee was entitled to protection while upon the premises of the invitor and that if such protection as in those cases mentioned was not afforded the invitee, a suit for damages would be maintainable even though the elements of slander were involved, simultaneously, in the failure to afford such protection. In those cases the court was dealing with liability rather than jurisdiction, which latter element is involved in the instant case. We find nothing in those cases which would require a reversal of the judgment of the trial court in sustaining the demurrer in the instant case.

■ In *Cantrell* v. *Davis,* 176 *Ga.* 745 (169 S. E. 38), the court, in dealing with the question of the jurisdiction of the Civil Court of Fulton County with reference to injuries to the person, had this to say: "In view of the history of the Municipal Court of Atlanta, as appears from the original passage of the act and the amendments referred to in the question propounded by the Court of Appeals, it is plain that the General Assembly has not at any period contemplated that the Municipal Court of Atlanta, Fulton section, should have jurisdiction of cases arising from injuries to the person. The language of this exception is so broad as to deny to that court all jurisdiction of cases where a personal injury is the basis of the action, whether directly or indirectly as the origin of a right of action dependent upon certain relationships to the individual whose person may have suffered injury, such as children, father, dependent mother, etc. In other words, the Municipal Court is entirely without jurisdiction to deal at all with suits which depend upon personal injuries. The legislative intention to deny to the municipal court any jurisdiction in this matter is clear, we think, from the language, in that, after giving this court 'concurrent jurisdiction . . over the entire county of Fulton', the enactment states the reservation as follows: 'except as to cases arising from injuries to the person or reputation.' This excepts all cases arising from injuries to the per-

son, and includes as well those which arise indirectly as a result of various enactments conferring rights of action upon persons nearly related to the person injured, as where the injury was received by the plaintiff himself." That case is where a mother undertook to sue in the Civil Court of Fulton County to recover for the death and her loss of the services of her minor son on whom she was dependent for support. We think the injury to one's reputation stands on the same footing with reference to the jurisdiction of the Civil Court of Fulton County as for injuries to the person. It would seem that the General Assembly did not intend for the Civil Court of Fulton County to exercise jurisdiction over any case which, in the final analysis would involve the trial of issues arising from injury to the person or to the reputation. In *Lambert* v. *Georgia Power Co.*, 181 *Ga.* 624 (183 S. E. 814), the Supreme Court held in effect that an employee under a contract of indefinite duration may lawfully be discharged at the will of the employer, and a discharge under such circumstances affords no cause of action if lawfully done, regardless of the motive. There is no allegation in the petition in the instant case to the effect that the plaintiff was not lawfully discharged, and there is no allegation in the petition that, as heretofore stated, the defendant did not have the lawful right to discharge the plaintiff or that he did so illegally. This being the case, there is no cause of action set out under Code § 105-1207 for the malicious procurement of a breach of contract. There remain, then, only the allegations of the petition to the effect that the defendant accused the plaintiff of theft, which cause of action would be that of slander and the Civil Court of Fulton County would have no jurisdiction thereof, although the fact that the evidence in the case might involve elements of slander would not have deprived the court of jurisdiction had there been alleged a valid cause of action under some other theory, as to which the court would have had jurisdiction.

The court did not err in sustaining the general demurrer and in dismissing the petition for want of jurisdiction of the Civil Court of Fulton County.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*