33587. PETERS *v.* PETERS *et al.,* administrators.

DECIDED MAY 23, 1951.

17

*Roberts & Roberts,* for plaintiff.

*J. C. Knox, A. M. Kelly,* for defendants.

GARDNER, J. ■ The contention is made that a verdict in favor of the petitioner for some amount was demanded under the evidence. There was evidence from which the jury were authorized to find substantially the following:

The estate of Mrs. Mary E. Peters did not have on hand at the time of the filing of the petition any proceeds from any sale of personal property or otherwise, as contended by the petitioner, and there had been a full and complete settlement under decree of the superior court, that is, the jury were authorized to find that the estate of E. J. Peters was not indebted to the estate of respondents' intestate in any sums for which no accounting had been made by them, and that the personal property, to wit the livestock, sold at the time other personalty of E. J. Peters' estate was sold, belonged to the estate of E. J. Peters and did not belong to the estate of Mrs. Mary E. Peters nor to her heirs. There was evidence that the petitioner here entered into a full and final settlement of all claims against the estate of E. J. Peters, as an heir at law of his mother, Mary E. Peters or otherwise. This case arose out of a controversy between the estate of E. J. Peters and Hardy Lee Peters, the son of E. J. Peters. Mrs. Mary E. Peters was the mother of Hardy Lee Peters and the wife of E. J. Peters, sometimes called Genie Peters. Mrs. Mary E. Peters owned an undivided half interest in certain land in her own right; E. J. Peters did likewise. The livestock belonged to E. J. Peters and not to Mrs. Mary E. Peters, his wife. All she owned was the above interest in said real estate, known as the Hawk place in said county. Hardy Lee Peters farmed for his mother, who died in 1939. After she died,

by agreement with the other children and heirs and the husband of Mrs. Mary E. Peters, E. J. Peters and said Hardy Lee Peters continued the farming operations upon the estate of Mary E. Peters, at which time no administration was had on her estate. It was also agreed that E. J. Peters was to enjoy the estate of his deceased wife so long as he lived. Thereafter, in 1944, an action was brought by E. J. Peters against Hardy Lee Peters, his son, in Walton Superior Court, in which the plaintiff claimed title to the Buck Peters place. This case was concluded and a verdict and judgment had in which the defendant therein, Hardy Lee Peters, was awarded a half interest in the Buck Peters place and $500 in cash. E. J. Peters died in 1946, leaving a will, in which the respondents were named as executors. Hardy Lee Peters was not included in this will, and he caveated the application to probate. Pending the disposition thereof, the executors applied for leave to sell certain livestock as the property of E. J. Peters' estate, and Hardy Lee Peters objected thereto. Under agreement this property was sold and brought $810.50, which sum was deposited in a special fund. The jury here were authorized to find that this livestock did not belong to Mary J. Peters but was the property of E. J. Peters and against the objections to the sale by Hardy Lee Peters, that is, the jury properly found that the estate of Mrs. Mary E. Peters owned no property other than the undivided half interest in the land known as the Hawk place, the other half being owned by Hardy Lee Peters. The administrators filed a partition proceeding against Hardy Lee Peters and the property was sold, under court order, to said Hardy Lee Peters, and the decree provided that there was a final settlement of all issues between the parties. These administrators were thereupon dicharged, there being no further property in the estate of Mrs. Mary E. Peters for administration and distribution.

The evidence authorized the finding of the jury in favor of the administrators, these respondents, and such evidence did not demand any finding of some amount in favor of the petitioner, Hardy Lee Peters. Under the finding of the jury, supported by the evidence, there was no property of the estate of Mrs. Mary E. Peters to be administered.

It follows that the court did not err in overruling the general grounds thereof.

■ Error is assigned in the first special ground of the motion for a new trial upon the refusal of the court, on the trial of this case, to strike that portion of the response set‘out in paragraph 7 thereof, on the ground that the decree in the equitable suit referred to therein could not be enlarged by parol testimony. This motion came too late and was properly overruled, and no demurrer, special or otherwise, was interposed to this paragraph and it was not until the trial that the petitioner sought to have same stricken by an oral motion. This motion was not directed to the entire response but only to a portion thereof. See *A. E. Speer Inc.* v. *McCorvey,* 77 *Ga. App.* 715, 718 (49 S. E. 2d, 677), and cit.

■ In the second special ground of the motion for new trial error is assigned on the admission by the court, over petitioner's objection, of testimony to the effect that the heirs and legatees of E. J. Peters and said Hardy Lee Peters, who had been sued in equity by E. J. Peters, his father, had a meeting and at this meeting it was agreed that $500 would be paid from the estate of the father to his son, the petitioner here, in payment of the indebtedness the son claimed against his father, and that this was accepted by the petitioner in full payment of any and all claims against the estate of E. J. Peters and that at this time no mention was made of any indebtedness of E. J. Peters or his estate to Mrs. Mary E. Peters and her estate. This testimony did not have the effect of changing or enlarging the effect of the decree in the case of E. J. Peters against Hardy Lee Peters, and the fact that these respondents thereafter became administrators of Mrs. Mary E. Peters did not render this testimony inadmissible. The jury could consider the same for what it was worth as going to show that the petitioner did not then claim any indebtedness between his father and mother and whether or not there was anything due the petitioner here, as an heir at law of his mother, Mary E. Peters. The admission of this testimony did not have the effect of violating the rule that a judgment and decree cannot be enlarged by parol testimony and that the judgment or decree itself and the pleadings on which the same was based is the best evidence. The respondents were not seeking by this evidence to show the issues in the equitable case and to show what was adjudicated by the judgment and decree therein.

■ The petitioner claims in the third special ground that the trial court erred in charging the jury as follows: "They alleged that on November 27, 1945, E. J. Peters brought an equitable petition against Hardy Lee Peters in reference to a tract of land known as the Buck Peters place, the deed having been made to Hardy Lee Peters, but the equitable title being in E. J. Peters, and pursuant to an agreement made between all the parties, a settlement was reached in the case; the amount of the estate of E. J. Peters was taken into consideration by all the parties, and a settlement provided that the timber on the land be sold separate from the land and that the land be sold and the proceeds be equally divided between the estate of E. J. Peters and Hardy Lee Peters, and in addition thereto the executors of the estate of E. J. Peters pay to Hardy Lee Peters the sum of $500, the payment be made without any deductions of court costs, executors' commission, surveying and other expenses, which payment was to be made to Hardy Lee Peters in full and complete settlement of all claims, including notes claimed by Hardy Lee Peters as owing to him by E. J. Peters and in pursuance of that agreement there was paid under the settlement and decree the sum of $7975 in full and complete settlement of all claims of every kind against the estate of E. J. Peters. They allege that since the settlement, Hardy Lee Peters claims that E. J. Peters' estate owes Mrs. Mary E. Peters' estate some amount which they claim is not correct; and they allege that even if it were due, that Hardy Lee Peters would be estopped by his action and conduct in settlement from now claiming the same. Now . . these are the contentions of the parties, I call to your attention that the pleadings are simply contentions of the parties. They are not evidence only insofar as admissions are made therein."

The court did not err in so charging the jury. The court was merely stating the contentions of the respondents as appearing from their response filed in this case, and the court specifically so informed the jury in said charge. This charge was not subject to the objections thereto made by the petitioner in his amended motion "that the same was confusing to the jury and in effect submitted to them the question as to whether or not a complete settlement of both the E. J. Peters and Mrs. Mary

E. Peters estates was settled in the decree entered in the superior court prior to the appointment of the administrators in this case and for the reason that considerable testimony was admitted over objection of movant's counsel timely made that the evidence was inadmissible to explain or vary the terms of the decree entered in Walton Superior Court in the case of E. J. Peters *v.* Hardy Lee Peters, which under the pleadings and issues therein involved, the estate of Mrs. Mary E. Peters could not have in any way been involved, as shown by the decree contained in the brief of the evidence."

This charge was not objectionable for any of the reasons stated above, and the court did not err in so charging the contentions of the respondents in this case.

No error of law appearing from any of the special grounds of the amended motion for new trial, and the evidence not demanding a verdict in some amount for the petitioner, but supporting a finding in favor of the respondents, as administrators, and against the petitioner, it was not error to overrule the motion for new trial, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*