19550.  BARBER *v.* WELLS *et al.*

Submitted January 14, 1957—Decided February 11, 1957.

2

*Jesse T. Edwards,* for plaintiff in error.

*H. C. Eberhardt, Franklin, Eberhardt, Barham & Coleman,* contra.

HEAD, Justice. In a habeas corpus action involving the custody of minor children, where the petition shows that the custody of the children by the defendants is pursuant to a decree of a court having jurisdiction, and no facts are alleged to show that since the date of such decree circumstances adversely affecting the interest and welfare of the children have arisen, it is not improper to sustain a general demurrer. *Brown* v. *Harden,* 150 *Ga.* 99 (102 S. E. 864); *Jackson* v. *Anglin,* 194 *Ga.* 533 (22 S. E. 2d 151).

The allegations of a pleading are to be construed most strongly against the pleader when attacked by general demurrer. *Lee* v. *City of Atlanta,* 197 *Ga.* 518, 520 (29 S. E. 2d 774). A general demurrer, however, goes to the whole pleading to which it is addressed, and should be overruled if any part is good in substance. "The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." *Blaylock* v. *Hackel,* 164 *Ga.* 257, 258 (5) (138 S. E. 333); *Beasley* v. *Anderson,* 167 *Ga.* 470 (146 S. E. 22); *Field* v. *Jones Mercantile Co.,* 182 *Ga.* 142 (3) (184 S. E. 882); *Morris* v. *Morris,* 185 *Ga.* 533 (195 S. E. 734); *Helton* v. *Shellnut,* 186 *Ga.* 185 (197 S. E. 287); *Bailey* v. *Bell,* 208 *Ga.* 715, 717 (69 S. E. 2d 272).

Strict technical pleading will not be required in a habeas corpus proceeding involving the custody of minor children. Where the writ has been issued and the court has jurisdiction of the cause, the better practice is to inquire into the evidence pertaining to a proper decision, unless the petition alleges facts which show affirmatively that the respondent is entitled to the custody. *Sheppard* v. *Sheppard,* 208 *Ga.* 422 (67 S. E. 2d 131).

In the present case the allegations of the petition, as amended, with reference to the failure of the petitioner's attorney to properly advise her or represent her in the divorce action, are insufficient to charge fraud on the part of the attorney.

The allegations of the petition as to the present mental condition of the father and his conduct and attitude toward the minor child are sufficient to raise an issue as to whether or not conditions substantially affecting the interest and welfare of the child have arisen since the date of the divorce decree. The alleged conduct of the defendants when the child is visited by his brother and sister, if supported by competent evidence, would likewise require consideration by the court.

Counsel for the defendants, with reference to the conduct of the insane father, assert that his actions "are but the ordinary, expected, and usual actions of one whose judgment has been dethroned," which "happened before the divorce was obtained, and is now but a periodic continuation of the pre-existing condition." This contention does not appear to be authorized by the allegations of the petition. The mother alleges, on information and

belief, that the father of the child is presently suffering from paresis of the brain, and the petition contains no allegations as to the father's conduct based on his mental condition prior to the divorce action.

Under the rules of law applicable to habeas corpus, involving the custody of minor children, the trial judge should have inquired into the father's alleged insanity and his conduct and attitude as related to the minor, Kenneth Wells, and whether or not the home of the defendants is presently a proper place to rear a minor of tender years. It was error to sustain the demurrers and dismiss the action.

*Judgment reversed. All the Justices concur.*