### 43078.   BENEFIELD v. RADIATOR SPECIALTY COMPANY.

SUBMITTED SEPTEMBER 12, 1967—DECIDED OCTOBER 13, 1967—REHEARING DENIED NOVEMBER 6, 1967.

*James H. Weeks, Howe & Murphy, Harold L. Murphy,* for appellant.

*Vandiver, Barwick & Bentley, M. Cook Barwick, John E. Talmadge,* for appellee.

QUILLIAN, Judge. Attachment may issue where a debtor resides out of the state in all cases of money demands, whether arising ex contractu or ex delicto. *Code* §§ 8-101, 8-102. "Before process of attachment shall issue, the party seeking the same, his agent or attorney at law shall make an affidavit before some judge of the superior court, judge of the county court, or justice of the peace, that the debtor has placed himself in some one of the positions enumerated in this Title, and also the amount of the debt claimed to be due." *Code* § 8-109. "When the principal amount sworn to exceeds $200, and in any case where the defendant is a nonresident, the attachment shall be returnable to the superior court of the defendant's last residence as to residents of this State, and to any appropriate superior court as to nonresidents." *Code Ann.* § 8-117 (Ga. L. 1962, pp. 520, 521). The Act setting out the jurisdiction of the Civil Court of Fulton County provides that such court "shall have all the jurisdiction as to subject matter which, at the time of the adoption of said Constitutional amendment, was exercised by justice courts and justices of the peace under the Constitution and laws of this State, and in addition, shall have jurisdiction to try and dispose of all civil cases of whatever nature, *except injuries to the person or reputation,* concurrent with the

superior courts." (Emphasis supplied.) Ga. L. 1956, pp. 3271, 3277.

The plaintiff commenced the attachment proceeding against the defendant, a nonresident, by making an affidavit before a judge of the Civil Court of Fulton County. The amount sworn to exceeded $200 and the attachment was made returnable to the Fulton Superior Court. It is thus apparent that under the general law the plaintiff, appellant here, followed the correct procedure and we would so hold but for the broad, all-encompassing language used by our Supreme Court in construing the jurisdiction of the Civil Court of Fulton County. In *Cantrell v. Davis*, 176 Ga. 745, 747 (169 SE 38) it was held: "The language of this exception is so broad as to deny to that court all jurisdiction of cases where a personal injury is the basis of the action, whether directly or indirectly as the origin of a right of action dependent upon certain relationships to the individual whose person may have suffered injury, such as children, father, dependent mother, etc. In other words, the municipal court is entirely without jurisdiction to deal *at all* with suits which depend upon personal injuries." (Emphasis supplied.) Following that case the Supreme Court in *National Surety Corp. v. Boney*, 215 Ga. 271 (110 SE2d 406), reiterated that the civil court lacked jurisdiction to deal at all with suits where the basis of the action depended upon personal injuries. Thus, the Civil Court of Fulton County was without jurisdiction to issue the garnishment in attachment which was based on a tort claim.

The trial judge did not err in sustaining the plea to the jurisdiction.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*