## 51772. BEN L. O'CALLAGHAN COMPANY et al. v. BOND SUPPLY COMPANY, INC.

PANNELL, Presiding Judge.

Bond Supply Company, Inc., brought an action against Ben O'Callaghan Company and Ben L. O'Callaghan based upon an agreement between the parties. The defendants answered and Ben O'Callaghan Company brought what it denominates its counterclaim against Bond Supply Company, Inc., its president, and Estes Heating and Air Conditioning, Inc., and its president, alleging, so far as material here, the following:

"7. The defendants and divers other persons whose names are unknown to plaintiff but well-known to defendants jointly and tortiously conspired to damage and injure plaintiff in its said business by undermining its financial position and its credit standing and by interfering with plaintiff's relationships with its customers, all for the purpose of driving plaintiff out of business and diverting its customers to defendant Estes Heating & Air Conditioning, Inc., and to other co-conspirators who are plaintiff's competitors, whose names are unknown to plaintiff, but well-known to defendants.

\* \* \*

"9. In furtherance of the conspiracy, the defendants:

"(a) Represented to Buel Chapman, a home builder, that plaintiff was incapable of performing plaintiff's contracts with said Chapman;

"(b) Filed a claim of a materialman's lien in favor of defendant Bond Supply, Inc. and against plaintiff upon land owned by J. M. Carroll & Associates in respect to materials sold to plaintiff, although defendants knew that the materials were delivered to and installed upon property not owned by said Carroll & Associates and although defendants knew that the lien was claimed upon property of said Carroll & Associates to which no materials had ever been delivered;

"(c) Caused defendant Bond Supply, Inc., which had contracted with plaintiff to sell to it at a firm quoted price Fedders heating and air conditioning equipment for a job plaintiff had contracted to perform for J. M. Carroll & Associates, to raise the prices it charged plaintiff and to

refuse to deliver the equipment unless plaintiff paid such prices, knowing that plaintiff had contracted with said Carroll based on the original firm quotation, and knowing that defendants thereby would cause plaintiff to lose its profit or even to experience a cash loss in performing its contract with Carroll;

"(d) Caused defendant Bond Supply, Inc. to charge plaintiff highe[r] prices for the same equipment than it charged its co-conspirators, so as to enable the co-conspirators to underbid plaintiff.

"10. The acts of Estes Heating & Air Conditioning, Inc. in furtherance of the conspiracy were performed by its said president, N. B. Estes, who also is a stockholder and director of defendant Bond Supply, Inc., and by others of its officers, employees and agents whose names are unknown to plaintiff, but well-known to defendants.

"11. The acts of Bond Supply, Inc. in furtherance of the conspiracy were performed by its said president, Jerry L. Morris; by its said stockholder and director, N. B. Estes; and by others of its officers, employees and agents whose names are unknown to plaintiff, but well-known to defendants.

"12. The conspiracy and acts of the defendants were tortious, and their agreement so to conspire and act was in violation of Section 2-2701 of the Code of Georgia."

General damages were sought in the amount of $200,000, and punitive and exemplary damages in amount of $500,000. A motion was made by Bond Supply Company, Inc., to dismiss the counterclaim on various grounds, the only ones argued here being, (1) the counterclaim was upon an action in tort as opposed to an action on contract and could only be entertained by a court of equity under Code § 37-308, and (2) the counterclaim sounded as an action for an injury to reputation of which the Civil Court of Fulton County had no jurisdiction. The trial judge granted the motion based upon the first contention. *Held:*

1. It has been held by this court that under the Civil Practice Act an ex delicto counterclaim may be asserted against an ex contractu action. See *Cities Service Oil Co. v. Cronan,* 123 Ga. App. 794 (182 SE2d 484); *Elsner v. Cathcart Cartage Co.,* 124 Ga. App. 615 (2) (184 SE2d

685).

The appellee relies on *Autry v. Palmour,* 124 Ga. App. 407 (184 SE2d 15). In that case it appeared that "not only must the equitable right of set off because of insolvency be recognized, *but the equitable right of the surety to either equitable subrogation or an equitable lien must also be recognized "* and that "This, only a court of equity can do." (Emphasis supplied.)

The trial judge erred in dismissing the counterclaim on the ground that a tort claim cannot be set off against a contract claim except in a court of equity.

2. Nor was the counterclaim subject to dismissal on the grounds that the Civil Court of Fulton County had no jurisdiction of the subject matter. While some of the acts alleged to have been committed by the defendant conspirators in the counterclaim may have been objectionable as being on the subject matter of injury to reputation of which the Civil Court of Fulton County had no jurisdiction (See Ga. L. 1956, p. 3277 which gives to that court jurisdiction as to certain subject matter except "injuries to person or reputation," also, *Funk v. Baldwin,* 80 Ga. App. 177 (2) (55 SE2d 733)), all of the acts alleged can not be so categorized. Accordingly, the counterclaim, being good in part was not subject to dismissal on that ground.

3. The judgment dismissing the counterclaim is, therefore, reversed.

*Judgment reversed. Deen, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Bell, C. J., Evans and Stolz, JJ., dissent.*

ARGUED FEBRUARY 3, 1976 — DECIDED MARCH 19, 1976.

*Gambrell, Russell, Killorin & Forbes, Theodore M. Forbes, Jr.,* for appellants.

*Jeffrey Sakas,* for appellee.

EVANS, Judge, dissenting.

Bond Supply Company, Inc., as plaintiff, sued Ben L. O'Callaghan, as defendant, on contract, in Civil Court of Fulton County. Defendant answered, denied being

indebted, and filed a counterclaim. A material part of the counterclaim is set forth in paragraph 7 (R. 17) wherein defendant alleges that plaintiff has damaged it by "undermining its financial position and its credit standing. . ." This is an allegation of damage to reputation.

The Civil Court of Fulton County has no jurisdiction of claims involving injuries to person or reputation. Georgia Laws 1956, Vol. II, pages 3271-3277; *Funk v. Baldwin,* 80 Ga. App. 177 (2) (55 SE2d 733); *Cantrell v. Davis,* 176 Ga. 745 (169 SE 38); *McQueen v. Wilson,* 117 Ga. App. 488 (2), 490 (161 SE2d 63).

The counterclaim in paragraphs 13 and 14 (R. 18) alleges damages because of defendant's wrongful acts in the amount of $200,000, and for punitive damages in the amount of $500,000. It is not stated how much of the above amounts results from damage to defendant's reputation, but all damages are lumped together, thus leaving it for the jury to determine the amounts due for the various items of damages. Actually, the counterclaim can only be construed as *damaging defendant by undermining his reputation.* All of the acts alleged lead to the final act of damages to reputation.

Plaintiff contends the Civil Court of Fulton County can not entertain the counterclaim because it has no jurisdiction of claims involving injuries to reputation.

The majority opinion points out that under the Civil Practice Act a tort action may be asserted in a counterclaim against an action on contract. With that I agree.

But the Civil Practice Act does not enlarge the jurisdiction of a court of limited jurisdiction, and any set-off in such court of limited jurisdiction must be within the limitations on that court's jurisdiction. There is no dispute on that principle.

But the majority opinion asserts (p. 188): "While some of the acts alleged to have been committed by the defendant conspirators in the counterclaim may have been objectionable as being on the subject matter of injury to reputation of which the Civil Court of Fulton County had no jurisdiction . . . *all of the acts alleged can not be so categorized.* Accordingly, the counterclaim, being good in

part was not subject to dismissal on that ground." (Emphasis supplied.) It would have been very helpful if the majority opinion had pointed out which—if any—of the acts *do not involve damage to the reputation.* I find none. In other words, the majority opinion is following the principle that a demurrer or motion to strike an entire pleading will not be sustained *if a part of the pleading is not subject to such motion to strike.* See *A. E. Speer, Inc. v. McCorvey,* 77 Ga. App. 715, 718 (49 SE2d 677); *Peters v. Peters,* 84 Ga. App. 14 (2a) (65 SE2d 439); *Hines v. Wilson,* 164 Ga. 888 (1) (139 SE 802); *Barber v. Wells,* 213 Ga. 1, 3 (96 SE2d 595).

But this premise adopted by the majority overlooks the well-known principle that although jurisdiction of the person may be waived, *jurisdiction of the subject-matter can not be waived;* and it is the duty and obligation of a litigant to show that the court in which he litigates has jurisdiction of the subject-matter of his claim. The failure of plaintiff to properly demur or move to strike certain portions of the counterclaim can not help the defendant, because it is defendant's duty, not the duty of the plaintiffs, to show that the court in which he litigates has jurisdiction of the subject-matter. This is plainly pronounced in *Sweatman v. Roberts,* 213 Ga. 112, 113 (97 SE2d 320), as follows: " 'Parties by consent express or implied, may not give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, in so far as the rights of the parties are concerned, but not so as to prejudice third persons.' 'Consent of parties, however, can not give a court jurisdiction of a subject-matter when it has none by law; and when this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter and the case is brought here for review upon writ of error, this court will of its own motion reverse the judgment.' *Smith v. Ferrario,* 105 Ga. 51, 53 (31 SE 38). 'Where the court has no jurisdiction over the subject-matter of a suit, parties can not confer jurisdiction by agreement. Although this question was not argued by counsel for either side before this court, and we presume it was waived for the purpose of obtaining a final adjudication as to the right of the plaintiff in error to sell

liquors, yet we can not, even upon such consent and waiver, sustain the judgment of the court granting an injunction when no jurisdiction has been conferred upon it by law. The judgment in such a case is void, and no consent or waiver of the parties litigant can make it a legal judgment of a court of law or equity.' *O'Brien v. Harris,* 105 Ga. 732, 736 (31 SE 745)." Also see *Gray v. Gray,* 229 Ga. 460 (2) (192 SE2d 334).

Thus, as held by the foregoing authority, even without any objection by the plaintiff, it would have been the duty of this court to raise the question of lack of jurisdiction of the subject-matter. Suppose for instance, this had been a suit for divorce in a justice of the peace court. It would have been the duty of this court to raise the question of lack of jurisdiction of the subject-matter and dismiss it.

Further, in the case sub judice, if there are any allegations in the counterclaim of which the Civil Court of Fulton County had jurisdiction, the prayer is for one lump-sum judgment and there would be no way for the court to separate the good from the bad.

The majority opinion in this case would allow the Civil Court of Fulton County to try the entire case, including the counterclaim and its prayer for damages to reputation, when it is all too plain that no jurisdiction of such a right of action inheres in that court.

I therefore respectfully dissent.

I am authorized to state that Chief Judge Bell and Judge Stolz concur in this dissent.