## 54804. BURDETTE v. STANDARD GUARANTY INSURANCE COMPANY.

SHULMAN, Judge.

Standard Guaranty Insurance Company (appellee herein) issued an automobile insurance policy which provided coverage for Mrs. Burdette (appellant herein) as an additional insured. Mrs. Burdette commenced an action in the State Court of Fulton County to recover under the policy. Standard Guaranty filed a motion to dismiss asserting that the state court lacked subject matter jurisdiction because the underlying basis of Mrs. Burdette's claim was an alleged personal injury. This appeal is from the court's order dismissing the action without prejudice. We reverse.

The liability of Standard Guaranty depends on its contract of insurance. Under the terms of the policy, Mrs. Burdette is entitled to insurance benefits for her injuries regardless of tort liability of third persons. The insurance company admits that the policy was in effect and covered Mrs. Burdette. The only issues to be resolved, as argued by

the insurance company, is "whether the accident occurred and what injuries were sustained as a result of the accident."

We hold these issues to be grounded not in tort, but in contract, i.e., whether the conditions precedent necessary for contractual liability had occurred. See *First Am. Acceptance Corp. v. Wheat,* 217 Ga. 1 (120 SE2d 330) (subject matter jurisdiction exists where issue to be resolved was whether condition precedent had occurred, i.e., whether judgment had been secured against insurer; as issue of tort liability previously decided in superior court, determination of tort liability by state court not involved). "By the plain terms of the policy provisions under which the plaintiff's right of action arises, this is an action ex contractu and is therefore within the jurisdiction of the [State] Court of Fulton County." *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695, 697 (112 SE2d 194).

Cases cited by appellee insurance company are inapposite. See *Cantrell v. Davis,* 176 Ga. 745 (169 SE 38) (no subject matter jurisdiction of wrongful death action by parent for injury to minor child; determination of tort liability by state court necessarily involved in adjudication of wrongful death claim). *National Sur. Corp. v. Boney,* 215 Ga. 271 (2) (110 SE2d 406) (no subject matter jurisdiction where contractual responsibility of surety contingent on finding by state court of personal injuries tort liability; surety standing on same level as principal). *Benefield v. Radiator Specialty Co.,* 116 Ga. App. 588 (158 SE2d 423) (civil court lacks subject matter jurisdiction to issue garnishment where basis of claim depended on a resolution by state court of tort claim).

Accordingly, the judgment of the court dismissing the action is reversed.

*Judgment reversed. Bell, C. J., and Banke, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED DECEMBER 1, 1977 — REHEARING DENIED DECEMBER 19, 1977.

*W. LaRue Boyce, Jr.,* for appellant.

*Donald M. Fain, Michael S. Reeves,* for appellee.